**UNITED STATES FIDELITY & GUARANTY CO. v. COOPER. (No. 9233.)**

Court of Civil Appeals of Texas. Galveston. Jan. 21, 1929.

Rehearing Denied Feb. 28, 1929.

Hunt, Teagle & Moseley and C. A. Teagle, all of Houston, for appellant.

Samuel Schwartz, of Houston, for appellee.

LANE, J. On the 26th day of November, 1926, Lula Schoen Cooper, hereinafter referred to as Mrs. Cooper, was an employee of the Southern Pacific Building Company at Houston, Tex., which was a subscriber as that term is used in the Workmen's Compensation Law of Texas, and which held a policy of compensation insurance issued by the United States Fidelity & Guaranty Company, hereinafter referred to as the Guaranty Company. Mrs. Cooper was asserting that while in the course of her employment she suffered an injury, by reason of which she suffered a permanent loss of the use of her left wrist, and an injury to her right knee, which resulted in partial incapacity. She filed her claim for compensation in time and manner as required by law with the State Industrial Accident Board. On the 11th day of February, 1927, said Board made an award against her, denying her any compensation. No notice of dissatisfaction with such award was given. No suit was brought in court to set the same aside within the time allowed by law for filing such suits. On the 30th day of June, 1927, the award of the board was in some manner brought before the board for a review; the manner in which it was so brought is not clearly shown, but it is agreed that it was not before the board upon any allegation of fraud, mistake, or change of condition in the claim. Upon the date last named, the board made the following order:

"On this the 30th day of June, A. D. 1927, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board question of review of order made and entered herein under date of February 11, 1927, and the Board now finds and orders as follows:

"That it has not been established to the satisfaction of the Board that fraud was practiced in the procurement of said order, or that any change of conditions with reference to physical condition of the claimant disclosed, nor has any such mistake as contemplated by the law been shown to have been committed in the making of said order which would afford warrant for the Board to now undertake the making of change therein, but to the contrary mistake relied upon by claimant to procure a change in said order is merely that of judgment on the part of the Board which in effect means that said claimant is simply at this late hour seeking to procure a new trial of issues that have heretofore been determined and in line with which award has heretofore been made, and therefore review of said order ought to be and the same is hereby in all things denied and refused and said United States Fidelity & Guaranty Company stands fully and finally acquitted and discharged from all liability on account of said claim for compensation, and it is so ordered, adjudged and decreed by the Board."

Within 20 days after such order was made, Mrs. Cooper brought this suit in the district court of Harris county against the Guaranty Company for her alleged damages by reason of said injuries.

Mrs. Cooper, in her petition, did not allege that any fraud or mistake existed in any matter or manner, nor that there had been any changed condition since the denial by the board of her first application.

The Guaranty Company denied generally and pleaded as a defense that the injury of which the plaintiff complained was caused by some prior disease from which she suffered, and not from any personal injury received while in the course of her employment.

The cause was tried before a jury upon special issues on the 14th day of February, 1928, in answer to which the jury found that Mrs. Cooper suffered the injuries, at the time and in the manner as alleged by her in her petition; that the accident alleged by plaintiff was the proximate cause of her injuries, and that such injuries proximately resulted in the total permanent incapacity of the plaintiff's left wrist; that the injury suffered by the plaintiff to her knee did not totally and permanently incapacitate said knee, but it did result in permanent partial incapacity to such knee, and that by reason of such injury the plaintiff suffered partial disability to the extent of 20 per cent.

Following the findings of the jury, the court rendered and caused to be entered judgment for the plaintiff against the United States Fidelity & Guaranty Company as follows:

"The Court finds from the pleadings and evidence in the record, that this cause is properly before this Court on an appeal duly taken and prosecuted by plaintiff, Lula Schoen Cooper, who, at the time her claim accrued, and at the time the same was pre-

sented to and acted on by the Industrial Accident Board of the State of Texas, and at the time of filing this suit, was a widow, named Lula Schoen, and that since filing this suit she was lawfully intermarried with Lindsay Cooper, who has joined her herein as coplaintiff, pro forma; that such appeal was taken in accordance with the law in such cases made and provided, from a final ruling and decision of the said Industrial Accident Board, made and entered by said board on the identical claim and demand involved in this suit, on, to wit, the 30th day of June, A. D. 1927; and the Court further finds from the evidence that the average weekly wages of the said plaintiff, Lula Schoen Cooper, to be made the basis of her compensation herein, is the sum of seventeen and 50/100 ($17.50) dollars, and, accordingly, she is entitled to recover and be paid such compensation, at the rate of ten and 50/100 ($10.50) dollars per week, beginning on the eighth day following the date of her injury, to wit, the 26th day of November, A. D. 1926, none of which has been paid to her; and the Court further finds, that the said plaintiff has been represented herein by Samuel Schwartz, an attorney of Houston, Harris county, Texas, and that plaintiff has contracted and agreed to allow him for his fee and compensation one-third (⅓) of the amount which may be awarded her herein, and that such is a fair and reasonable fee for the services rendered herein by said attorney.

"It is therefore considered by the Court, that the order, decisions and rulings of the Industrial Accident Board of the State of Texas, heretofore at any time made, rendered and entered on the claim of said plaintiff, Lula Schoen Cooper, herein presented, be set aside, vacated, and annulled; and that the said plaintiff, Lula Schoen Cooper, is entitled to recover herein, for her own separate use and benefit, and for the use and benefit of her said attorney, Samuel Schwartz, Esq., compensation at the rate of ten and 50/100 ($10.-50) dollars per week, for a period of five and three sevenths (5⅗) weeks on account of total incapacity, following her injury, and further compensation at the rate of ten and 50/100 ($10.50) dollars per week for a period of 150 weeks following the termination of total incapacity, for and on account of the permanent partial incapacity resulting from the injury to her left wrist and which the Court concludes is equivalent to the total loss of the use of her left hand; and further compensation at the rate of two and 10/100 ($2.-10) dollars per week, for a period of three hundred weeks, following the termination of total incapacity, for and on account of partial permanent incapacity resulting from the injury to her right knee and which the Court concludes is equivalent to the partial loss of the use of her right leg; together with interest on all past due installments from the respective dates of maturity thereof to this date, at the rate of six (6%) per cent. per annum; and that of all sums so due and unpaid, as well as those which shall accrue in the future from and after the date of this judgment, one-third (⅓) thereof shall be paid Samuel Schwartz, as his compensation for legal services rendered herein; and it should be so ordered, adjudged and decreed by the Court.

"It is therefore ordered, adjudged, and decreed by the Court, that the plaintiff, Lula Schoen Cooper, do have and recover of and from the defendant, United States Fidelity & Guaranty Company, the sum of nine hundred and thirty-three and 27/100 ($933.27) dollars, with interest from the date hereof at the rate of six (6) per cent. per annum until paid; and the further sum of ten and 50/100 ($10.-50) dollars, on the 4th day of April, A. D. 1928, and a like sum each successive week thereafter for a total period of eighty-three (83) weeks, together with six per cent. (6%) interest thereon from each due date of such sum until paid; and further sum of two and 10/100 ($2.10) dollars on the 4th day of April, A. D. 1928, and a like sum each successive week thereafter for a total period of two hundred and thirty-three (233) weeks."

The Guaranty Company has appealed.

As a disposition of appellant's third and tenth propositions favorable to it would dispose of the necessity of discussing other assignments or propositions at length, we shall first dispose of the same.

By propositions 3 and 10 it is substantially contended that, since it is shown that an award had been made against appellee by the Industrial Accident Board on the 11th day of February, 1927, and that she perfected no appeal in manner and form as required by law from such award to any court which would otherwise have had jurisdiction to hear and determine her suit, the filing of an application by her with the board six months after the first award was made, praying for a reopening of the cause and a reconsideration thereof by the board, in which application there was no allegation that since the first award was made there had been a change of conditions, or that any fraud had been practiced, or mistake made, the trial court had no jurisdiction to hear and determine the cause, and therefore the trial court erred in refusing appellant's request for an instructed verdict in its favor.

██ We sustain the contention of appellant that, under the facts shown, the district court of Harris county was without jurisdiction to hear and determine the suit filed by appellee in that court. But we hold that in such case the only judgment which the court could have legally rendered was one dismissing the cause for want of jurisdiction. Our conclusion is that under the facts showing that the court had no jurisdiction there was no issue to be submitted to a jury, and therefore the request of appellant for an instruc-

tion to the jury to find for it was properly refused. The judgment should have been, as above stated, one of dismissal of the cause.

By section 12d of article 8306, Revised Civil Statutes of 1925, it is provided that: "Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review * * * or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

As already stated, it is not clearly shown in what manner the question of review of the award of February 11, 1927, was brought before the Accident Board, but upon the trial it was agreed by counsel for appellee that at no time in the proceedings involving the claim of appellee was there any claim made before the board of fraud, mistake, or change of conditions in the claim on behalf of appellee.

We think the effect of the order of the Accident Board of June 30, 1927, was to hold that by reason of the provisions of section 12d of article 8306, above quoted, it had no power to review the order made by it on the 11th day of February, 1927, since it had not been shown as a prerequisite to its power to review such order that fraud was practiced in the procurement of the same, or that any change of conditions with reference to the physical condition of the claimant had taken place, nor that any such mistake as is contemplated by law had been committed in making such order. After having so concluded, the board in its order clearly indicates that an application for the review of the former order was made by the claimant in these words: "But to the contrary, the mistake relied upon by claimant to procure a change in said order is merely that of judgment on the part of the board, which in effect means that said claimant is simply, at this late hour, *seeking to procure a new trial of issues that have heretofore been determined.*"

 However, we think it immaterial as to how the question of review came before the board, as it, under the law, could not open the order of February 11, 1927, for a review except upon a showing of fraud, mistake, or changed condition; and the board so held.

In the case of Cone v. Texas Employers' Insurance Association (Tex. Civ. App.) 251 S. W. 263, the above article of the Workmen's Compensation Act was under consideration. In that case Cone had obtained an award of the board, from which neither party had appealed. At a later date Cone filed an application before the state board to reopen the case and increase the award made in his favor. On appeal to the district court of Harris county the trial court made findings of fact, and, among other things, found that there had been no change of condition between the first award and the second, and that no fraud or mistake had been shown to have been committed by the insurance company, or by the Industrial Accident Board, and that the Industrial Accident Board was not laboring under a mistake of law or fact in making its first award. In his conclusions of law the trial court said:

"Under the above facts, I conclude that the Industrial Accident Board of the State of Texas had no jurisdiction or authority to reopen and review the case of said Cone and to make any further allowance therein, because there was no evidence to show any change of conditions, any mistake or fraud, and therefore said first ruling and decision was final and conclusive."

On the appeal of the Cone Case the appellate court quoted section 12d of article 8306, and then said: "Under that article the board, on the application of 'any person interested.' may review its award only on a showing of 'change of condition, mistake or fraud.' No contention is made that appellant's condition has changed, and the trial court expressly found that no mistake was committed, and no fraud perpetrated. * * * As the mistake, if any, was one of law, and not of fact, the court correctly concluded that the board had no authority to review its prior award." See, also, Jones v. Casualty Reciprocal Exchange (Tex. Civ. App.) 275 S. W. 279.

Since the Accident Board refused to review the award of February 11, 1927, for want of authority to do so, neither the trial court nor this court has jurisdiction over the matter.

The conclusions reached by us as above expressed require at our hands a reversal of the judgment of the trial court and the rendition of a judgment here of a dismissal of the cause for want of jurisdiction, and it is accordingly so ordered.

Reversed and dismissed.