## DANIELS et al. v. SOUTHERN SURETY CO.
### No. 9544.

Court of Civil Appeals of Texas. Galveston.
April 28, 1931.

Rehearing Denied May 28, 1931.

Snell & Aynesworth, of Houston, for appel-lants.

King, Battaile & Dutton, of Houston, for appellee.

LANE, J.

On the 2d day of June, 1927, the Owen Service -Station was engaged in the business of an ordinary filling station, handling automobile tires, tubes, and other accessories, and selling gasoline and lubricating oil to those operating automobiles, motorbusses, and trucks, and in performing such other labors as are incident to the · business generally known as a filling station. It also operated an ice house where it dispensed ice in small quantities.

On said date Owen Service Station was a subscriber, as that term is used and understood in the Texas Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended), and held a policy issued to it under the provision of said act by the Southern Surety Company.

While said policy was in force and effect one Secex Daniels, an employee of the subscriber, while acting within the scope of his employment, received an injury on July 10, 1927, from the effects of which he died on the 14th day of October, 1927.

At the time Secex Daniels received his injuries his weekly wage was $20.19. He was under contract to work 7 days per week. The duties to be performed by him under his contract consisted. of handling ice, changing tires and tubes, filling gasoline tanks, and other duties incident to the operation of a filling and service station. At the time he suffered his injury Secex Daniels was engaged in the changing of an automobile tire.

In due time Mamie Daniels, wife of the deceased, gave due notice of such injury and death as required by law, and in due time filed her claim for compensation with the Industrial Accident Board of Texas.

On the 27th day of April, 1928, after due notice was given to all parties, the Industrial Accident Board entered its order upon the claim of Mamie Daniels as follows: "It has been

made to appear to the satisfaction of the Board that Mamie Daniels, surviving widow of Secex Daniels, deceased, at the time of said fatal injury and death of Secex Daniels was separated from and living apart from him; that said separation had continued for a longer period than three years immediately preceding the date of his said death and that said separation was due to abandonment of said deceased by the said Mamie Daniels, and said abandonment was without good cause on the part of said Mamie Daniels; and therefore the claim for compensation of said Mamie Daniels ought to be and the same is hereby denied and refused and so far as the claim of Mamie Daniels is concerned the said Southern Surety Company must be and is hereby in all things fully and finally acquitted and discharged from all liability on account of her said claim, and it is so ordered, adjudged and decreed by the said Board."

On the 17th day of May, 1928, within twenty days after the entry of the above-mentioned order, the Industrial Accident Board, after due notice to all parties, reviewed the award formerly made by it. It set aside its former order, reciting that upon a reconsideration of the evidence of record, together with that submitted upon the later hearing, it was of opinion and finds that mistake and error was committed in the award of April 27, 1928, in that it found that Mamie Daniels had deserted her husband, Secex Daniels, deceased, without good cause, for a period in excess of 3 years. Such recital in the later order is followed by the following recitals: "Whereas, it now appears that this is error, and therefore said award of April 27th, 1928, ought to be and the same is hereby cancelled, annulled, set aside and held to be of no binding force or effect, and the following order ought to be and the same is here and now made and entered as the order of said Board, and it is so ordered, adjudged and decreed by the Board, to-wit."

This is followed by awarding to the claimant, Mamie Daniels, $12.11 per week for 360 weeks, beginning on the 2d day of June, 1927, less the attorney's fees which she had contracted to pay to her attorney, John N. Snell.

Within 20 days after the last award was made, the Southern Surety Company gave due notice that it would not abide by such award, and within 20 days thereafter it filed its petition in the district court asking that the award be set aside.

The plaintiff made both orders of the Industrial Accident Board a part of its petition. It then alleged that the award made on the 17th day of May, 1928, is not supported by any evidence or facts sufficient to justify said award; that the Industrial Accident Board was without warrant in law or authority to make and enter any award subsequent to the entry of the award made by it on the 27th day of April, 1928.

Defendants, Mamie Daniels and her attorney, answered, setting up the facts stated in our preliminary statement, and other matters, which, if shown to be true, would entitle defendants to the award made, if the Board had authority to review its first award and make the last.

A jury was chosen to try the case, but the court, after he ascertained from the evidence that the deceased, at the time he was injured, was employed to work 7 days a week, and that he was at such time changing an automobile tire on Sunday, instructed the jury that, as it appeared from the uncontroverted "testimony" that the injury producing the death occurred on Sunday, and that the deceased was at such time employed under an illegal contract, the defendants were not entitled to a recovery against the plaintiff. The jury returned the verdict as directed, and judgment was thereupon rendered for the plaintiff. Defendants have appealed.

We shall first dispose of appellee's contention that neither the district court which tried this case, nor this court, had nor has jurisdiction to hear and determine the issues involved, in that the Industrial Accident Board of Texas had no jurisdiction to make the second award, because, should such contention be sustained, this appeal should be dismissed by this court for want of jurisdiction to hear and determine the issues presented.

As already stated, the Industrial Accident Board, on the 27th day of April, 1928, made an award in the matter against Mamie Daniels, denying her compensation from which no appeal was taken, and that on the 17th day of May, 1928, within less than 20 days after the making of the first award, the claim was reopened by the board and an award was then made in favor of the claimant. It is this last award the Southern Surety Company is seeking to have set aside.

By section 12d of article 8306, Revised Civil Statutes of 1925, it is provided that: "Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review * * * or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

■ It is well settled that, after an award allowing compensation is made and the time allowed by the law for carrying the matter before the courts for a trial de novo has elapsed, the Industrial Accident Board is without authority to reopen the matter and make a second or subsequent award, except upon a showing of changed conditions, mistake, or fraud, within the compensation period. U. S. Fidelity & Guaranty Co. v. Cooper (Tex. Civ. App.) 14 S.W.(2d) 342; Id. (Tex.

Com. App.) 29 S.W.(2d) 971, and cases cited in the two opinions.

In the case cited, Cooper v. United States Fid. & Guaranty Co., 29 S.W.(2d) 971, 973, by the Commission of Appeals, approved by the Supreme Court, in referring to the article and section of the statute quoted, the court said:

"(1) A careful examination of the above article discloses that it only applies to cases where the Industrial Accident Board has previously made an award allowing compensation. It has no application whatever to cases in which the board has made an award refusing compensation.

"(2) In the case at bar it is shown that Mrs. Cooper originally presented her application to the board within the time prescribed by law, and that the board duly acted thereon and refused compensation. Mrs. Cooper made no complaint of this action, and filed no suit in the district court within the time prescribed by law, to set aside this award. It, under the circumstances, therefore became final, and the Industrial Accident Board had no power or jurisdiction to pass on the question the second time, even if fraud, mistake, or changed conditions had been alleged and proven.

"(3) Since the Industrial Accident Board had no power or jurisdiction to pass on the question the second time, the district court acquired no jurisdiction by the filing of the instant suit."

■ We are of opinion, however, that the authority of the Accident Board to reopen and review the facts and change its award, by which a claim for compensation is disallowed, is not lost until the prerequisite steps provided by law are truly taken to carry the matter to a court of competent jurisdiction for further adjudication or until the time for taking such steps has expired. For the reason that until such steps are properly and truly taken, or the time allowed in which they may be taken has expired, the award has not become final, and the board has not therefore lost its jurisdiction over the matter.

We think the clear implication of the language used by Judge Critz, when considered as a whole, is to hold that, in a case where no complaint is made of the action of the Accident Board in denying compensation, and when no suit is filed in the proper court within the time prescribed by law to set aside such award, the award would become final, and only in such event would it become final. He very clearly holds that the statute, section 12d, article 8306, relating to the board's review of compensation award, does not apply where the board refuses compensation.

■ We hold that, at the time the Accident Board reviewed its first action in this case and made its second award, its former award had not become final, and it therefore had authority to make the second award; so holding, we overrule appellee's contention.

We now come to a consideration of the contentions made by appellant for a reversal of the judgment.

Upon the trial of the cause in the district court before a jury, the following facts were agreed to: That on Sunday, July 10, 1927, Secex Daniels received the injury from which he died while in the employ of Owen Service Station, and while he was working in the capacity of service man for the station, his employer; that at such time said employer was engaged in the business of an ordinary service station, handling automobile tires, tubes, and other accessories, lubricating oils, and gasoline; that the employer also operated an ice house where ice was sold in small quantities; that Secex Daniels was at such time employed at a regular wage of $20.19 per week of 7 days; that his duties consisted of handling ice, changing automobile tires and tubes, filling gasoline tanks, and other duties incident to the operation of a filling and service station; that at the time Secex Daniels received his injury he was engaged in the changing of an automobile tire.

■■ After these agreed facts were offered and the parties had rested, the court gave the jury the following instruction: "It appearing from the uncontroverted testimony that the injury producing the death of Secex Daniels occurred on Sunday, July 10, 1927, and that the said Daniels was at such time employed under an illegal contract, and therefore the defendants are not entitled to recover, you will, therefore, return a verdict in favor of the plaintiff, Southern Surety Company."

The jury returned its verdict as instructed, and judgment was accordingly rendered.

The substance of appellant's contentions is, that the court erred in holding and in instructing the jury that the uncontroverted evidence showed that, at the time Secex Daniels received his injury, he was performing labor on Sunday under an unlawful contract and in violation of article 283 of the Penal Code of Texas, which provides that: "Any person who shall labor, or compel, force, or oblige his employees, * * * to labor on Sunday * * * shall be fined not less than ten nor more than fifty dollars." Because the evidence did not show as a matter of law that the work being performed by the deceased was not a work of necessity such as is permitted by article 284 of said Penal Code, whereby it is provided that, "The preceding article shall not apply to * * * works of necessity," and because such work as was being performed by the deceased at the time of his injury was work incident to the business of his employer, the operation of which on Sunday is authorized by the provisions of article 287 of said Penal Code, we think appellant's contention that the court erred in

taking the case from the jury should be sustained upon both of the grounds urged. The mere fact that the contract is for the performance of work on all the seven days of the week does not, as a matter of law, constitute such contract an unlawful one, nor does the mere fact that the deceased changed an automobile tire for another on Sunday, whether under contract or otherwise, constitute such work a violation of the Penal Code as a matter of law.

The question as to whether or not the changing of the tire on Sunday was, under the attending facts and circumstances, a work of necessity was for the determination of the jury, since the statute has not nor has it undertaken to define what constitutes works of necessity permitted by its provisions to be performed on Sunday. There is no doubt that the performance of certain work on Sunday might under the surrounding circumstances constitute a violation of the Sunday law, while under other circumstances the performance of the same work would not be a violation of the law.

It is true that the Service Station, the employer of Secex Daniels, was not only engaged in operation of what is commonly known as a filling station, performing those things incident to such business, but it is also true that it had for sale automobile tires, tubes, and accessories, but there is no intimation that any one connected with the business, either as owner or employee, sold or contemplated making sales of automobile tires, tubes, or any other automobile accessory on Sunday, nor is it so contended by appellee. The Service Station could have lawfully conducted every branch of its business during the six working days and on Sunday, except the sales mentioned. The fact that it had for sale articles the sale of which on Sunday was forbidden by law is no evidence that it was violating the Sunday law. So then the agreement that Secex Daniels was working under a contract obligating him to work the entire 7 days of the week was by no means an agreement that he was under contract to perform any labor in violation of law. The only pertinent inquiry is: Do the agreed facts show, as a matter of law as found by the court, that the changing of the automobile tire on Sunday was a violation of the Sunday law?

A showing that certain labor was performed on Sunday is not a showing that such performance was, as a matter of law, a violation of the Sunday law. To show that it was a violation of the law it must be shown, not only that it was performed on Sunday, but that its performance was forbidden by law. The circumstances calling for the changing of the tire in question are not shown. It can easily be imagined that such change was a necessity, and hence the labor performed to make such change was labor of necessity, permitted to be done under the provisions of the law. The question as to whether such labor was under attending circumstances a work of necessity was one for the determination of the jury and not for the court.

For the reasons above expressed, we hold that the court erred in instructing a verdict for the defendant.

The writer is also of opinion that the changing of the tire was clearly an incident to the filling station business engaged in by the employer of deceased which was permitted under the provisions of the law.

For the several reasons above expressed, the judgment is reversed, and, as there are some defenses raised by the pleadings of the plaintiff, appellee here, which were not disposed of, the cause is remanded.

Reversed and remanded.