## GULF CASUALTY CO. v. GARNER et al.
### No. 2658.

Court of Civil Appeals of Texas. El Paso.
April 7, 1932.

Rehearing Denied April 21, 1932.

R. E. L. Batts, of Fort Worth, and Paul Moss, of Odessa, for appellant.

J. B. Cotten, of Crane, and Thomas & McDonald, of Big Spring, for appellees.

PELPHREY, C. J.

This suit was filed by appellee against appellant as an appeal from an award of the Industrial Accident Board of Texas, entered on April 1, 1931.

It is undisputed that he sustained injuries while in the employ of the Gulf Production Company in Crane county, Tex. His allegations were that his injuries resulted in permanent total disability on account of which he sought to recover from appellant (the company which carried the workmen's compensation of his employer at the time of the injuries) compensation at the rate of $20 per week for 401 weeks and a lump sum settlement.

Appellant answered by general demurrer, general denial, and specially pleaded that it had paid appellee compensation in the sum of $520, which sum it prayed be deducted from any amount recovered by appellee.

In response to special issues the jury found: (1) That appellee sustained personal injuries on or about the 22d day of May, 1930; (2) that such injuries were sustained in the course of his employment for the Gulf Production Company; (3) that he was totally incapacitated as a result of such injuries; (4) that such total incapacity is permanent; (5) that he sustained injuries other than those below his left hip; (6) that those injuries are permanent; and (7) that it is a special case and one in which a manifest hardship and injustice will result if the compensation is not paid in a lump sum.

Upon the above findings the court rendered judgment that appellee recover the sum of $6,058.60 from appellant, $3,978.07 to appellee, and $2,079.53 to his attorneys.

Appellant's motion for a new trial was overruled, and it has appealed to this court.

### Opinion.

The contentions of appellant are: (1) That, appellee not having filed his claim for compensation with the Industrial Accident Board within six months from May 22, 1930, and not having shown good cause for not so doing, the court was without jurisdiction to hear the case; (2) that appellee did not suffer permanent total incapacity; (3) was not entitled to a lump sum judgment; and (4) that the court erred in refusing appellant's request for a peremptory instruction and in submitting certain special issues.

Article 8307, § 4 (a), reads: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same."

Appellant contends that, the facts showing that appellee was injured on May 22, 1930, and that his claim was not filed until November 21, 1930, 183 days after the injury, he should not be allowed to recover.

Appellant's argument on this point is that the term "six months" used in the statute means 6 months of 30 days each, or 180 days, while appellee insists that the statute means the six calendar months following the injury.

■ Workmen's Compensation Law should be liberally construed to accomplish its purposes, and in favor of injured party. City of Tyler v. Texas Employers' Insurance Ass'n (Tex. Com. App.) 288 S. W. 409; Texas Employers' Insurance Ass'n v. Parr (Tex. Com. App.) 30 S.W.(2d) 305. Therefore, in construing the provision above, we should give it such a construction as will serve to carry out the purposes of the act, if same be possible.

■ It is our opinion that the "six months" provided for means 6 calendar months, and not 180 days as contended by appellant. The Legislature having provided for the giving of notice of the injury within 30 days, it would have been a simple matter for them to have further provided for the making of the claim within 180 days, if they had so intended. Having, however, used the term "six months," we see no reason for not holding the term to have the meaning that expression commonly has; viz. 6 calendar months.

We therefore overrule the assignments of appellant relative to the jurisdiction of the trial court. By virtue of the above holding, the question of "good cause" becomes immaterial.

Appellant's brief, in addition to its assignments of error, contains the following: "In addition to the foregoing assignments of error, the defendant says that the court erred in permitting the jury to take the case and in entering judgment against the defendant after the defendant objected to misconduct on the part of plaintiff's counsel in questioning the plaintiff with respect to matters which were improper, and which questions and answers given were prejudicial to the rights of the defendant."

The above is also presented as proposition No. 5.

Appellee moves the striking of the above proposition and the assignment upon which it is based because (a) there is no showing in the record that timely or appropriate exceptions were taken to the purported misconduct of appellee's counsel in questioning appellee; (b) the bill of exceptions taken by appellant makes no reference to misconduct; and (c) there is nothing in the record to show any action thereon by the court.

Appellant in its brief sets forth the following proceedings as having occurred in the course of the trial and as supporting the proposition:

"The following proceedings were had after the defendant had rested:

"Plaintiff, being recalled to the stand, and examined by Mr. Thomas, testified as follows, to-wit:

"Q. Since the adjournment this morning you have been examined by the Dr. Schide, the Insurance Doctor? A. Yes, sir.

"Q. From Abilene? A. Yes, sir.

"Q. The physician that was being looked for this morning by the Defendant Company? A. Yes, sir.

"Mr. Moss: We object to that, and move to strike it from the record, for the reasons,

it is immaterial, and improper, and does not prove any issue in this cause, and simply leaves the impression with the jury that we have a bunch of Doctors we do not care to use.

"Mr. Thomas: Well, we will call Dr. Schides on the stand.

"The Court: Call him.

"Mr. Moss: I don't know where he is.

"Mr. Thomas: Did you excuse him?

"Mr. Moss: That is your business now. You have a perfect right to use him if you want him.

"Mr. Thomas: I can't if you excuse him, and let him go home."

■■ It will be seen from the above that there was no request to withdraw the case from the jury presented to the court, and until now there appears no objection to the rendering of the judgment by reason of the occurrence; the question not being called to the trial court's attention in the motion for a new trial. The particular matter complained of here not having been called to the attention of the trial court, appellant is not in position to raise the question for the first time here. Conceding, however, that the matter is properly before us for consideration, we do not think the facts related would justify a reversal of the judgment, the fact that the suit was to collect insurance being clearly before the jury, both from the pleadings and the evidence, and the medical testimony, as well as that of appellee and his wife, amply supporting the findings of the jury as to the extent and permanence of the disability.

■ Article 8306, § 15, Revised Statutes, provides that "in special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board," and it has been held that what constitutes that character of special case is a question of fact. Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Com. App.) 231 S. W. 756. The holding of the commission was expressly approved by the Supreme Court.

■ The contention of appellant that, because the evidence shows that appellee was the owner and operator of a service station at the time of trial and had a source of income therein, which together with his weekly compensation would support him, no lump sum judgment should be rendered, cannot be sustained. The question of whether a lump sum judgment should be rendered does not depend upon the paucity or profuseness of the claimant's earning capacity or income. Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143.

The record shows that appellee is 42 years of age; has four children whose ages range from 17 to 22; that they are all in school; that he has no property; and owes between $800 and $900.

■■ Under such facts, we think the jury was justified in its finding that this was a special case, and that hardship would result, unless a lump sum settlement was made. Appellant's contention that appellee's recovery should be limited to the compensation provided in section 12 of article 8306, on the theory that the evidence shows an injury to the left leg only is equally untenable. There is evidence to the effect that the buttocks of the left limb and muscles in the small of the back have progressively atrophied since the date of the injury, and will probably continue to do so; that such condition is permanent; that one or more of the roots of the great sciatic nerve originating in the small of the back along the lumbar region of the vertebræ is permanently injured, and that there is definitely established a permanent progressive neuritis extending through the left thigh, buttocks, and through the small of the back. This evidence, we think, entitled the appellee to recover the 401 weeks' compensation provided by the Compensation Act (Rev. St. 1925, art. 8306, § 11).

■ In view of the fact that appellant was contending that appellee's compensation should be limited to that provided for the loss of the use of his left leg, we are of the opinion that the court properly submitted to the jury the question of whether he sustained injuries other than those below his left hip and whether such injuries were permanent, and we cannot agree that the findings were so indefinite, uncertain, and conflicting as to preclude the rendering of judgment thereon.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Justice WALTHALL did not sit in this case.