NATIONAL INDEMNITY UNDERWRITERS OF AMERICA v. CHERRY et al.

No. 3633.

Court of Civil Appeals of Texas. El Paso.

July 8, 1937.

Rehearing Denied Sept. 9, 1937.

On the Merits Nov. 4, 1937.

116

Lightfoot, Robertson, Saunders & Gano, of Fort Worth (Claude Williams, of Fort Worth, of counsel), for plaintiff in error.

Thomas & McDonald, of Big Spring, H. G. Russell, of Pecos, and Howard Mays, of Midland, for defendants in error.

On Motion to Affirm on Certificate.

NEALON, Chief Justice.

A motion to affirm on certificate has been filed by defendants in error upon the ground that the transcript was filed in this court more than 60 days subsequent to the perfecting of the writ of error. The motion is based upon the following facts: Judgment was rendered in favor of defendants in error and against plaintiff in error October 16, 1936; petition for writ of error was filed in the office of the district clerk January 7, 1937; a bond in proper form, styled "Supersedeas and Writ of Error Bond," was lodged with the district clerk January 7, 1937, and the following notation made thereon by the clerk, "The foregoing bond received the 7th day of January, A. D. 1937, but said bond is neither approved nor disapproved pending requested information in regard to the worth of the sureties"; said bond was later approved and "refiled" on February 22, 1937; counsel for defendants in error signed a waiver of citation January 11, 1937; the waiver was filed March 11, 1937; the transcript and statement of facts were filed in this court on April 10, 1937.

We cannot agree with the contention of defendants in error that the signing of the waiver perfected the writ of error. Article 2267 of the Revised Civil Statute reads: "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the *previous requirements* of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

Article 2265, one of "the two preceding" articles, requires that a bond "to be approv-

ed" by the clerk shall be filed as one of the steps in the process of perfecting the writ of error. Within sixty days after the bond was approved the record was filed in this court. This was in time. Houston & T. C. R. Co. v. Smith (Tex.Civ.App.) 97 S. W. 519.

As an added precaution plaintiff in error thereafter on April 26, 1937, caused citation in error to issue. It was later served, and plaintiff in error filed a motion to refile the transcript subsequent to said service.

We think the waiver was sufficient, and was effective, though executed before the writ of error was perfected. Nothing is to be accomplished by putting additional file marks upon the transcript and statement of facts. The motion of plaintiff in error to this effect is overruled, as is the motion to affirm filed by defendant in error.

### On Motion for Rehearing on Order of Court Refusing Affirmance on Certificate.

In their motion for rehearing defendants in error call our attention to an error made in copying the notation made by the district clerk when the bond was presented to her. That notation reads: " 'The foregoing bond received the 7th day of January, 1937, and filed as of that date, but said bond is neither approved nor disapproved pending requested information in regard to the worth of the sureties.' (See certificate of the trial clerk upon the certificate filed as a part of the motion to affirm on certificate.)" Defendants in error insist that the provisions of article 1839 (as amended [Vernon's Ann.Civ.St. art. 1839]) control. Articles 1839 and 2267 must be construed together. No citation could issue until the bond was approved. Consequently the waiver could not function as a substitute for a citation until the conditions had been complied with that would authorize the issuance of citation. Houston & T. C. R. Co. v. Smith (Tex.Civ.App.) 97 S.W. 519.

As pertinent, see also Borger v. Morrow, 125 Tex. 321, 82 S.W.2d 944.

The motion for rehearing is overruled.

### On the Merits.

This is a workman's compensation case. Plaintiff in error filed its original petition in the district court of Ward county against M. H. Cherry and Howard Mays, seeking to set aside an award of the Industrial Accident Board of Texas made in favor of M. H. Cherry, employee of J. G. Gossett & Son, for whom plaintiff in error carried workmen's compensation insurance. Thereafter Cherry, one of the defendants in error, filed his original answer and crossaction complaining of plaintiff in error. Mr. Mays was the attorney for Mr. Cherry. Cherry alleged that on or about September 22, 1935, while in the employ of J. G. Gossett & Son and working in Ward county, Tex., as a rig builder, he sustained personal injuries by reason of a fall. He alleged that the injuries produced a condition of total disability which is permanent and will remain throughout his natural life. He prayed for a lump-sum recovery. The case was submitted upon special issues, in response to which the jury returned a verdict favorable to defendant in error. Twenty-two special issues were submitted. Only those with their answers will be reproduced or stated in substance that we find necessary in the discussion of the case.

Upon the verdict rendered judgment was entered in favor of defendant in error in the sum of $6,826.64, one-third of which, it was adjudged and decreed, should be paid to the attorneys for defendant in error. Of this amount payments to the extent of $1,080 had matured, and the court found that the then present cash value of the unmatured payments was $5,746.64. Judgment was rendered that the total amount of recovery should be paid in a lump sum. From this judgment plaintiff in error sued out writ of error.

### Opinion.

Defendant in error testified that he had not worked in the employment in which he was working at the time of the injury as much as 300 days in the year preceding the day he was injured, Sunday, September 22, 1935, the very day that he began to work for Gossett & Son. There was no other evidence as to the days he worked during said period. The jury answered, in response to special issue No. 15, that Cherry worked in the employment in which he was working when injured substantially the whole of the year immediately preceding the date of said injuries; and in response to special issue No. 16, that the average daily wage or salary earned by him during the days when so employed, covering the year immediately preceding the date of his injuries, was $12 per day. There was no evidence upon which to base such a finding as to earnings. There was evidence introduced to the effect that there were

other rig builders in West Texas. who had worked substantially 300 days during the year next preceding September 22, 1935, and that the regular, usual, customary, standard wage was $12 per day for rig builders, and $14 per day for foremen. In response to special issue No. 17, the jury found there was an employee of the same class as plaintiff who worked substantially the whole of the year immediately preceding September 22, 1935, in the same or a similar employment in the same or a neighboring place to that in which plaintiff was working on September 22, 1935; and, in answer to special issue No. 18, that the average daily wage earned by an employee of that class during said year was $12 per day. Plaintiff in error contends that the evidence did not justify the jury's findings in response to special issues Nos. 15 and 16, and yet that it was necessary to submit special issue No. 15 to the jury, because the only evidence that defendant in error did not work 300 days in the year immediately preceding the day he was injured fell from his own lips; and, therefore, since he was an interested witness, it was necessary to submit the issue to the jury. We held to the contrary in Traders & General Insurance Co. v. Rhodabarger (Tex. Civ.App.) 93 S.W.2d 1180, citing Judge Leddy's opinion in Stone v. City of Wylie (Tex.Com.App.) 34 S.W.2d 842.

However, the issue was submitted with the result stated, and it is now urged that the court should have declared a mistrial. We have arrived at the conclusion that this last proposition is sound. Article 2211, R.C.S. (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]), requires the judgment to follow the verdict, except where a judgment non obstante veredicto is entered upon proper motion after due notice. The same article provides also that in entering judgment the court may set aside a jury's finding upon an issue only when like motion is made after due notice. Without the motion and notice the court is without authority to set aside a material special finding and base its judgment upon other findings. Hines v. Park (Tex.Com.App.) 96 S.W.2d 970; Massie v. Hutcheson (Tex.Com.App.) 270 S.W. 544. The trial court, therefore, erred in not granting a new trial. For a discussion of the principle involved, see Traders & General Insurance Co. v. Milliken (Tex. Civ.App.) 110 S.W.2d 108, decided October 11, 1937, which is in harmony with the views herein expressed.

Plaintiff in error complains that the court's charge did not contain affirmative issues of temporary total disability and did not contain a special issue of whether or not the total disability of defendant in error had ceased to exist at the time he was examined by a physician at the instance of plaintiff in error. Plaintiff in error formulated no request of the character desired. However, in its objections to the "charge of the court as a whole," it included an objection upon the ground that no inquiry was made as to whether the incapacity of defendant in error had ceased or whether it was only temporary, and requested that an affirmative issue on the question of temporary incapacity be submitted; and in paragraph 29 of its objections it likewise requested an affirmative issue on the question of whether the total incapacity had ceased.

Special issue No. 4, which was answered in the affirmative, read as follows: "Do you find from a preponderance of the evidence that plaintiff, M. H. Cherry, sustained total incapacity as a natural result of said personal injuries, if any, received by him on or about September 22nd, 1935?"

Special issue No. 8 read as follows: "How long do you find from a preponderance of the evidence that the total incapacity, if any, of the plaintiff, M. H. Cherry, continued or will continue from the date of the said injuries, if any, were sustained on or about September 22nd, 1935?"

To special issue No. 8 the jury answered: "During his lifetime."

Special issue No. 9, which was answered in the negative, was in the following language: "Do you find from a preponderance of the evidence that the plaintiff, M. H. Cherry, sustained partial incapacity by reason of said injuries, if any, received by him on or about September 22nd, 1935?"

Special issue No. 20, predicated upon defensive pleading, read as follows: "Do you find from a preponderance of the evidence that the plaintiff, M. H. Cherry, has not sustained partial incapacity by reason of said injuries of date September 22nd, 1935, if any? You will answer this issue by answering: 'He has not sustained partial incapacity' or 'He has sustained partial incapacity' as you find the facts to be."

The jury answered: "He has not sustained partial incapacity."

We think these issues and their answers cover sufficiently the issues requested by plaintiff in error; and the as-

signments leveled at the court's rulings in respect to them are overruled.

■ The plaintiff in error further complains that special issue No. 20 erroneously placed the burden of proof upon plaintiff in error rather than upon the plaintiff in the trial court. Practically the same language was used in Traders & General Ins. Co. v. Herndon, 95 S.W.2d 540, and this court held that the issue therein questioned placed the burden upon the plaintiff. The assignment complaining of the language of this special issue is overruled.

■ Plaintiff in error also contends that the finding that defendant in error had no partial incapacity as a result of his injury is entirely without support in the evidence and contrary to the overwhelming weight of the evidence; said claim being based upon the fact that the said Cherry had been doing light work in a pool hall, and that he played one or two innings in a game of baseball at some time. However, he did not attempt to run the bases. Total incapacity does not imply absolute disability to perform any kind of labor, but rather implies that the person is disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Texas Employers' Ins. Ass'n v. Ray (Tex.Civ.App.) 68 S.W.2d 290, and cases cited. The assignments directed at this finding and the court's action thereon are overruled.

■ The issue of whether manifest hardship and injustice would result to defendant in error unless payment should be made in a lump sum, instead of by weekly payments, was for the jury under the evidence submitted, which was ample to support the finding. The assignment is overruled. Consolidated Underwriters v. Saxon (Tex.Com.App.) 265 S.W. 143; Gulf Casualty Co. v. Garner (Tex. Civ. App.) 48 S.W.2d 746.

■ Finally, plaintiff in error insists that the trial court erred in refusing and failing to set aside the answer of the jury finding that the work which Cherry was doing at the time he was injured was a work of necessity and not within the prohibition of the Sunday law. At the time he was injured he was taking down a rig which was to replace one that had been burned down. He thought his employers' tools were in the hole. His employers wished to get the rig back as soon as possible. The assignments complaining of this jury finding and the court's action therein are overruled. No presumption will be indulged that the work was of an unlawful character. Indeed, it is invariably held that the presumption of innocence will be indulged. Daniels v. Southern Surety Co. (Tex.Civ.App.) 40 S.W.2d 209; Texas Employers' Ins. Ass'n v. Henson (Tex.Civ.App.) 31 S.W.2d 669; Lloyds Casualty Co. v. Grilliett (Tex.Civ. App.) 64 S.W.2d 1005; Casualty Reciprocal Exchange v. Stephens (Tex.Com.App.) 45 S.W.2d 143. The question was submitted fairly to the jury, and the assignment challenging the action of the court is overruled.

All assignments not discussed have been considered and are overruled.

Judgment is reversed, and the cause is remanded.