REPUBLIC UNDERWRITERS v. GREEN-
HAW et ux.

No. 3639.

Court of Civil Appeals of Texas. El Paso.

Nov. 11, 1937.

On Motion for Rehearing Jan. 6, 1938.

On Second Motion for Rehearing
Feb. 10, 1938.

Hudson & Hudson, of Pecos, and Darden, Burleson & Wilson, of Waco, for appellant.

Roy R. Priest, of Rankin, and Kerr & Gayer, of San Angelo, for appellees.

NEALON, Chief Justice.

Appellees, Pink and Lizzie Greenhaw, claimed compensation in this suit, under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 'et seq., as the surviving mother and father of Jeff Greenhaw, deceased. Appellant (plaintiff in the trial court) instituted the suit as an appeal from the award of the Industrial Accident Board of the state of Texas. Appellees alleged Jeff Greenhaw sustained an accidental personal injury in the course of his employment with L. G. Blumentritt, at Iraan, Pecos county, Tex., which resulted in his death. This is an appeal from a judgment· in favor of claimants, against appellant,. the insurance carrier, for 360 weeks' compensation.

Special issues were submitted to the jury. Among other findings were the following: That the average daily wage of an employee of the same class as that of the deceased, Jeff Greenhaw, working substantially the whole of the year immediately preceding November 15, 1935, in the same employment in the same place where the deceased, Jeff Greenhaw, was employed, was $4; the average daily wage of an employee of the same class as that of the deceased, Jeff Greenhaw, working substantially the whole of the year immediately preceding November 15, 1935, in similar employment in the same place where the deceased, Jeff Greenhaw, was employed, was $4; that defendants would suffer a manifest hardship and injustice if the plaintiff failed to redeem its liability, if any, by the payment of a lump sum. Upon these answers the court rendered judgment for $4,097.68,· "less one-fourth thereof, deducted for purpose of fairness in view of the undisputed fact the wages of the employee, Jeff Greenhaw, were $3.00 per day, making the sum for which said judgment is here rendered of $3,073.19," etc.

The evidence was undisputed that decedent Greenhaw worked for only 5 months during the year preceding November 15, 1935, the day he was alleged to have been injured, though his employer estimated at one time that he had worked about 200 days. There was no evidence that an employee of the same class as decedent worked for substantially the whole of the year preceding said day in the same or similar employment in the same or a neighboring place. Decedent's employer testified that from July to November, 1935, the wage of decedent was $3 per day, plus the reasonable value of a room, furnishings and lights, estimated at $10 per month.

## Opinion.

Our labors have been lightened considerably by the candor of counsel for appellees who confessed that the court erred in fixing the average wage at $3 per day. They insist, though, that the error was not prejudicial to appellant, and therefore not reversible. With this conclusion we cannot agree. The facts did not warrant the submission of the tests provided in either first subdivision 1 or first subdivision 2 of section 1 of article 8309. If the average wage was to be arrived at according to first subdivision 3, the issue should have been submitted to the jury. The court was not free to reject the finding of the jury and enter judgment upon its own finding based upon a different theory. It was necessary that the judgment follow the verdict. Article 2211, R.C.S.,1925. Under the circumstances the court should have granted a new trial; and it is now the duty of this court to reverse and remand. American Employers' Ins. Co. v. Singleton, Tex. Com.App., 24 S.W.2d 26; Norwich Union Ins. Co. v. Chancellor, Tex.Com.App., 5 S.W.2d 494; National Indemnity Under-

writers of America v. M. H. Cherry, Tex. Civ.App., 110 S.W.2d 115; Traders & General Ins. Co. v. Milliken, Tex.Civ. App., 110 S.W.2d 108.

In view of the fact that another trial will be had we refrain from commenting upon the evidence.

Appellees urge a cross-assignment complaining of the court's action in refusing to admit in evidence the written argument filed before the Industrial Accident Board by appellant, which included in its statements the claim of the decedent that he was injured on November 15, 1935, while loading a box into the back of a truck at Iraan, Tex. In the written argument it was not denied that he received said injury, but appellant denied that the injury complained of caused the disability from which Greenhaw then suffered; and, therefore, denied liability for any compensation whatsoever. Appellees contend that this treatment of the statement made by decedent was an approval of said statement as correct, and thus should have been received against appellant as an admission by adoption, citing the well-considered case of Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203. As we understand it, the instrument proffered in evidence was not the report of accident required of subscribers by section 5 of article 8309 and by statute made incompetent as an admission or evidence against the association in proceedings in contested cases where the alleged facts set out are sought to be contradicted by the association or subscriber. This instrument, we understand, is an argument in which it is presumed ordinarily that the party interested will urge every substantial defense of which he knows, and will not tacitly admit, or appear to admit, or leave in doubt his views as to, the truth of damaging allegations unless convinced of their truth. Under the circumstances we think the instrument admissible in evidence in behalf of appellees. 2 Wigmore on Evidence, § 1073. The objection of appellant that the cross-assignment of error was not filed in the district court is no longer tenable, since the amendment of article 1844, R.C.S., by Acts 1931, c. 75, § 1, Vernon's Ann.Civ.St. art. 1844.

■ Assignments · of error not discussed are overruled.

· The judgment of the district court is reversed, and the cause remanded.

## On Motion for Rehearing.

Appellees in their motion for rehearing enter a remittitur of so much of their judgment as is based on a daily wage rate in excess of $2.50 per day—the lowest wages paid any truck drivers in Iraan or vicinity so far as the evidence shows, and pray for judgment for the balance. This would reduce the total recovery to $2,804.34. Appellees. also call our attention to the following evidence of the witness Glenwood Fluitt:

"Q. Do you know of any one particular truck driver that worked substantially the whole of that year? A. Yes, sir.

"Q. For whom was he working? A. For the Ohio Oil Company."

They direct our attention to this evidence and ask a reversal of our holding that there was no evidence to justify the finding that an employee of the same class as decedent (who was a truck driver) worked substantially the whole of the year preceding November 15, 1935, in similar employment in the same place that decedent worked, and that the average daily wage of such employee was $4. Our finding was based upon a statement in appellant's brief that certain quoted evidence contrary to appellees' contention was all that was introduced upon the subject. The finding was made in pursuance of that portion of rule 31 for the government of Courts of Civil Appeals relating to statements made in briefs by litigants, which reads as follows: "If the statement from the record thus made is not distinctly challenged by the opposing party, it may be accepted by the court as correct."

However, that the record may be complete for further review, if the same be sought, and because in the argument the effect of said evidence was mentioned, and because there was evidence that truck drivers were paid $115 per month, we now withdraw that ruling, and hold that a judgment in the amount established by appellees' remittitur should be affirmed, were it not for other reversible error which will now be noted.

■ In our original opinion we refrained from commenting upon the alleged lack of evidence to sustain the finding that decedent's death resulted from an accidental injury sustained in the course of his employment. This we did because we believed and held that the trial court erred in excluding the brief filed by appellant before

the Industrial Accident Board. Upon more mature deliberation and after considering the appellant's motion for rehearing and the written argument of amicus curiae, a majority of the court have concluded that said brief was not admissible as an admission by adoption. The former holding is, therefore, withdrawn and the opinion therein expressed stands merely as the individual veiw of the writer. Appellees' cross-assignment of error is overruled.

 We hold that the evidence does not show that decedent Jeff Greenhaw, in the course of his employment, sustained accidental bodily injuries resulting in his death. Taken most strongly for appellees, the testimony shows: That decedent was employed by Blumentritt, the insured, as a truck driver—the insured being engaged in the business of transporting freight by truck; upon November 15th or 16th, the date upon which, under appellees' theory, decedent was supposed to have sustained his injuries, he reported for work early in the morning, and was in apparently strong bodily health; on that day, in the course of his employment, he made a trip from Iraan to Rankin early in the morning; about 2:30 p. m. to all appearances he was strong and uninjured, and was engaged in driving the truck; about November 15th or 16th, 1935, there was a refrigerator in insured's warehouse, and this refrigerator was subsequently delivered to some place; it was decedent's duty, not only to drive the truck, but to load and unload the freight, and appellees' theory is that he sustained a strain in lifting this refrigerator or some other heavy box. No witness testified to seeing him lift such refrigerator, and there is no evidence that if he did so it caused his injury, unless it be inferred from the fact that at about 5 o'clock in the afternoon when he left his employer's warehouse he was limping, whereas, he had not limped at the beginning of the day or at about 2:30 p. m. It is not shown that he was engaged in his work at the warehouse during the whole of the afternoon. Had it been shown that he sustained the injury performing some duty for his employer, there would have been sufficient evidence upon which to base a finding that the injury so received resulted ultimately in his death. The evidence introduced, however, merely raises a surmise. Texas Employers' Ins. Ass'n v. Herring, Tex.Com. App., 280 S.W. 740; Texas Employers' Ins. Ass'n v. Mints, Tex.Civ.App., 10 S.W.

2d 220; Maryland Casualty Co. v. Duhon, Tex.Civ.App., 40 S.W.2d 198.

Since the statement contained in the brief filed before the Industrial Accident Board may not be introduced in evidence in the event of a new trial, the record makes it appear that the case has been fully developed.

Except as herein indicated appellees' motion for rehearing is overruled. Appellant's motion for rehearing is granted, and judgment in favor of appellees is reversed, and judgment is herein rendered in favor of appellant.

On Appellees' Second Motion for Rehearing.

Upon considering the showing made by appellees as to the probability that they can furnish further evidence of the cause of decedent's injury, our former order reversing and rendering judgment is modified. The judgment of the trial court is reversed, and the cause is remanded. In other respects the motion is overruled.