## FEDERAL UNDERWRITERS EXCHANGE v. CRAIGHEAD.
### No. 14475.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 29, 1943.

Rehearing Denied Feb. 26, 1943.

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. The trial court rendered judgment in favor of the plaintiff, upon a verdict of the jury, for total and permanent compensation, payable in a lump sum. The insurance carrier has appealed, asserting three points of error.

Under its first point of error, the insurance carrier urges that the trial court should have instructed a verdict in its favor, upon the ground that the employee was performing labor on Sunday when he was injured, and that his contract of employment was therefore null and void.

Appellant's pleadings in no way whatever raise the issue of Sunday employment. What we said in Reid v. Associated Em-

ployers Lloyds, Tex.Civ.App., 164 S.W.2d 584, 586, writ of error refused, in construing Rule No. 94, Texas Rules of Civil Procedure, is applicable here: "If there existed in the transaction some character of illegality which would constitute a defense to the suit, the burden was upon the defendant to plead and prove it, unless it was such as would necessarily appear from plaintiff's presentation of his case."

■ The evidence here is that plaintiff was employed during the day of Saturday, November 29, 1941, to work as a helper on a truck which was used to haul oil field equipment. He was injured on Sunday, the day following, while helping to move a drilling rig. His testimony is that he was employed to work "7 days a week, if necessary, but never to work more than 40 hours a week". The insurance carrier made no request to submit any issue to the jury relating to this defense. Its only complaint here is that an instructed verdict should have been ordered. The evidence before us does not show as a matter of law that the work was not one of necessity, or that the employment contract was illegal. Without repeating what is said in them, we refer to the following decisions for support of our views. Texas Employers' Insurance Ass'n v. Tabor, Tex.Com.App., 283 S.W. 779; Maryland Casualty Co. v. Marshall, Tex.Civ.App., 14 S.W.2d 337, writ of error dismissed; Maryland Casualty Co. v. Garrett, Tex.Civ.App., 18 S.W.2d 1102, writ of error dismissed; Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W.2d 143; Texas Employers' Ins. Ass'n v. Henson, Tex.Civ.App., 31 S.W.2d 669, holding on Sunday issue approved by Commission of Appeals in 48 S.W.2d 970, and in 52 S.W.2d 247; Daniels v. Southern Surety Co., Tex.Civ.App., 40 S.W.2d 209, writ of error refused; Lloyds Casualty Co. of New York v. Grilliett, Tex.Civ.App., 64 S.W.2d 1005, writ of error refused; United Employers Casualty Co. v. Curry, Tex. Civ.App., 152 S.W.2d 862; Federal Underwriters Exchange v. Bickham, Tex.Civ. App., 136 S.W.2d 880, affirmed by Supreme Court in 138 Tex. 128, 157 S.W.2d 356; Federal Underwriters Exchange v. Coker, Tex.Civ.App., 116 S.W.2d 922, writ of error dismissed.

■ Under its second point appellant charges error in entering judgment for a lump sum on the ground that there is neither pleading nor evidence to authorize such.

Plaintiff's pleadings relating to lump sum are as follows: "Plaintiff further alleges that the defendant has paid to the plaintiff compensation for a period of seven weeks, but has refused to pay him any additional compensation as hereinbefore set out, and that by reason thereof he has been without funds to support himself and family, and that he owes debts for food, clothing and the necessities of life, and is in need of additional medical treatment; that he has no property from which he can derive an income to support himself and family, and that this is therefore a special case, and one in which manifest hardship and injustice will result to him unless his compensation be paid in a lump sum."

The only evidence to support the claim for lump sum is the testimony of the plaintiff himself, which is in substance that he is a married man, has a wife and three children, whose ages are respectively two, five and eight years, owns no property, is dependent upon his wages for support of himself and family, has no money, and owes debts in the amount of $350; that if he is awarded a lump sum he will first recover his health if he can do so, so he can work, and figures that he could buy a place with the money where his wife and children could make a living with what little he could do until he could get well, and that he could not do that on $12.60 per week.

In support of its point, appellant cites Texas Employers' Ins. Ass'n v. Ray, Tex. Civ.App., 68 S.W.2d 290, writ refused; Norwich Union Indemnity Co. v. Wilson, Tex.Com.App., 67 S.W.2d 225; Bailey v. Texas Indemnity Ins. Co., Tex.Com.App., 14 S.W.2d 798; Standard Accident Ins. Co. v. Simpson, Tex.Civ.App., 21 S.W.2d 8. The Ray case was reversed because of an error in the form of the special issue relating to the question of lump sum. In the other cases cited, the opinions do not analyze the testimony, and so are not helpful here.

The facts proven in the case before us are somewhat similar to those in Traders & General Ins. Co. v. Blancett, Tex.Civ. App., 96 S.W.2d 420, writ of error dismissed, where a lump sum award was upheld. A lengthy discussion of questions relating to lump sum awards will be found in 45 Tex.Jur., pp. 679–685. While the language of the statute, Vernon's Ann.Civ.St. Art. 8306, Sect. 15, might indicate that the employee should be required to make a strict showing in order to be entitled to a

lump sum award, a study of the decisions of our courts indicates that they have gone far in upholding verdicts allowing recovery in a lump sum. For examples, see National Indemnity Underwriters v. Cherry, Tex.Civ.App., 110 S.W.2d 115; Texas Employers' Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, affirmed by Supreme Court in 134 Tex. 151, 132 S.W. 2d 399; Traders & General Ins. Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650, writ of error dismissed; Federal Underwriters Exchange v. Coker, Tex.Civ.App., 116 S.W. 2d 922, writ of error dismissed; Ætna Casualty & Surety Co. v. Dixon, Tex.Civ. App., 145 S.W.2d 620, writ of error refused.

■ Appellant's third point of error complains of the fact that when the jury first brought in its verdict, the court examined it, found certain conflicts in it, and sent the jury back for further deliberation. When the jury again brought in its verdict, the court examined it again, still found conflicts in the answers, and for a second time sent the jury back for further deliberations.

On the first occasion mentioned, the court gave the jury a written charge, calling attention to the conflicts, using language like that employed by the trial court in Traders & General Ins. Co. v. Carlile, 138 Tex. 523, 161 S.W.2d 484. Under authority of the Carlile decision, we hold that no error was committed in this respect.

When the jury brought in its verdict the second time, the court gave to the jury an oral instruction, which according to the record before us, was as follows:

"Gentlemen of the jury, your answers to Special Issues 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 have remained the same, as when I read them to you before, but Special Issue now reads, Answer, 'No.' 13, December 2, 1941, 13-B 100 percent. 14. permanent. 15 for life. 17, 18 and 19 are the same and 20 and 21 are the same.

"Gentlemen, based upon the additional charge which I have given you, there still seems to be a conflict in your answers. You will retire to the jury room and deliberate further on your answers."

Appellant made no objection in the trial court to the fact that the last instruction was oral rather than written, and makes no complaint in this court of the fact that the instruction was oral rather than written.

Although appellant insists that its objections to the procedure followed by the trial court were more complete, and embraced matters not included in the objections made in the Carlile case, we are of opinion that the decision in the Carlile case is controlling here.

■ On the day the appeal was submitted in this court, appellant filed an instrument styled "Motion of Appellant to Present Additional Evidence". In it appellant seeks permission to bring up and include in the record, for consideration by us, certain additional evidence. The motion recites in effect that after the judgment was rendered in the court below the employee threw aside all pretense of being disabled and went to work for a construction company. Attached to the motion are affidavits of certain persons who purportedly observed the employee in such employment, including the affidavit of one person who states that he took moving pictures of the employee at work. The prayer of the motion is as follows: "Wherefore, premises considered, said appellant moves and prays this Honorable Court to permit it to supplement and bring forward into this record herein the matters above set forth, including the affidavits attached hereto, and further requests permission of the Court to run and show to the members of this Honorable Court the moving pictures of this so-called totally and permanently disabled appellee doing and performing heavy labor, at such time and under such circumstances as may be convenient to the Court, and for such other and further relief, at law and in equity, to which it may seem justly entitled."

Our jurisdiction in this case is appellate only. It is not within our authority to consider the tendered affidavits, or to view the tendered moving pictures. Nor can we consider the matters in question under the statute which permits the Industrial Accident Board to reopen cases in certain instances. Art. 8306, Sect. 12d, Vernon's Annotated Civil Statutes. Federal Surety Co. v. Cook, 119 Tex. 89, 24 S.W.2d 394; Pate v. Security Union Ins. Co., Tex.Civ. App., 54 S.W.2d 355.

All points of error are overruled, the judgment of the trial court is affirmed, and the motion to present additional evidence is denied.