TOM R. CAMPBELL V. FIRST NATIONAL BANK IN LUBBOCK ET AL.

No. 6406. Decided May 22, 1935.
(82 S. W., 2d Series, 954.)

*Smith & Smith,* of Anson, for plaintiff in error.

Appeal by writ of error from the District Court to the Court of Civil Appeals is not completed sufficient to give the Court of Civil Appeals jurisdiction until all of the defendants in error have been served with citation. Weems v. Watson, 91 Texas, 35, 40 S. W., 723; Thompson v. Pine, 55 Texas, 429; S. L. Adams & Co. v. Evans, 245 S. W., 450.

*Wilson, Randal & Kilpatrick, Vickers & Campbell* and *Bean & Klett,* all of Lubbock for defendants in error.

On proposition that court had no jurisdiction to review case on writ of error: Wandelohr v. Rainey, 100 Texas, 473; Caey v. Bell, 104 Texas, 338; New Amsterdam Cas. Co. v. Pugh, 124 Texas, 34, 73 S. W. (2d) 94.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The defendants in error recovered a final judgment against the plaintiff in error, Tom R. Campbell, in the District Court of Lubbock County. In due time, towit, on May 5th, 1932, Campbell filed with the clerk of said court his petition for the writ of error and on the same day filed his writ of error bond. The bond was finally approved by the clerk on June 3, 1932, and on that day citation in error was issued for the defendants in error, and was duly served June 6, 1932, on all the defendants in error but one, and was duly served on that one on June 15, 1932. On August 5th, 1932, Campbell filed in the Court of Civil Appeals his application for an extension of time beyond the sixty day period allowed by statute, for the filing of the transcript in that court. The causes or reasons for seeking such extension of time were duly alleged in the application. On the same day that it was filed, the application was granted (quoting from the court's order) "provided the time allowed by law has not expired." On August 15, 1932, the transcript was tendered to the clerk of said court for filing, but the clerk, under the verbal instructions of the court, refused to file same on the ground that on August 5th, when the application for extension

of time was granted, more than sixty days from the date of approval of the writ of error bond had elapsed, and therefore the time allowed by law for the filing of the transcript had already expired. Later, Campbell filed in said court a motion styled "Plaintiff in Error's Motion to File Record Out of Time," which was overruled by the court on September 7, 1932; and on the same day the Court, on the written motion of the defendants in error, entered judgment dismissing the writ of error which Campbell had sued out.

The rendition of the dismissal judgment constitutes error. In regard to the filing of the transcript, Article 1839 of the Revised Statutes, as amended in 1931 (Acts 42 Leg. Reg. Sess., p. 100) provided that "the plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or perfection of the writ of error; provided, that for good cause shown before the expiration of such sixty day period the court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

The writ of error under consideration here was perfected on June 15, 1932, the day that service of citation in error on all the defendants in error was completed. The period of time allowed by the above statute, for the filing of the transcript in the Court of Civil Appeals, did not expire until sixty days after that date had expired. Borger v. Morrow, Receiver, (this day decided), 125 Texas, 321, 82 S. W. (2d) 944. Before the expiration of that time, towit, on August 5, 1932, the Court, in accordance with the intent of said statute, granted an extension of the time allowed by the statute for the filing of the transcript. In these circumstances the clerk was not justified in refusing to file the transcript when it was tendered on August 15, 1932, and the judgment of the Court of Civil Appeals is wrong for the same reasons. Said judgment is reversed and the cause is remanded to that court.

Opinion adopted by Supreme Court May 22, 1935.