L. A. BORGER v. WRIGHT MORROW, RECEIVER.

No. 6390. Decided May 22, 1935.
(82 S. W., 2d Series, 944.)

*G. C. Harney*, of Borger, for plaintiff in error.

*Joe H. Aynesworth* and *Hiram K. Aynesworth*, both of Borger, for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this suit, brought by L. A. Borger against Wright Morrow, Receiver for the Security Union Insurance Company, the District Court of Hutchinson County rendered judgment in favor of Morrow. On January 15, 1932, a petition for the writ of error was seasonably filed with the district clerk by Borger. The writ of error bond was also filed and approved on that date. No citation in error for Morrow was issued, but on March 8, 1932, Morrow filed with the district clerk his formal waiver of such process. The transcript was filed in the office of the Clerk of the Court of Civil Appeals on March 25, 1932. On September 13, 1932, on the motion of the defendant in error, Morrow, the Court of Civil Appeals dismissed the writ of error on the ground that the transcript was not filed in said court within sixty days from January 15, 1932, the date that the petition in error and the writ of error bond were filed with the district clerk. The correctness of that ruling is before us for review. Article 1839 of the Revised Statutes, as amended in the year 1931, (Acts 42nd Leg. Reg. Sess., p. 100) provided that in such cases the transcript be filed with the Clerk of the Court of Civil Appeals "within sixty days from the final judgment, or order overruling the motion for new trial, or *perfection of the writ of error * * *.*" Article 2267 governs the perfecting of the writ of error. This article reads: "When the bond or affidavit in lieu thereof, provided

for in the two preceding articles, has been filed, *and the previous requirements of this chapter have been complied with,* the appeal or writ of error, as the case may be, shall be held to be perfected." "The previous requirements" to which this statute refers, include the requirement that citation in error be issued and served on the defendant in error. See Arts. 2259 to 2264 inclusive. This requirement is for the benefit of the defendant in error and may be waived by him. Felton v. Seeligson ·(Com. App.), 265 S. W., 140; McGuire v. Newhill, 54 Texas, 317; Thompson v. Thompson, 41 S. W., 679; Moody-Seagraves etc. v. Brown, 59 S. W. (2d) 431. Until the requirement is waived, however, or is satisfied in some other way, the writ of error remains unperfected. It follows, therefore, that the writ of error in question was not perfected until March 8, 1932, the date that Morrow waived citation in error, and that the filing of the transcript with the Clerk of the Court of Civil Appeals on March 25, 1932, was in conformity with the terms of Article 1839 of the statutes. The judgment of dismissal entered by the Court of Civil Appeals is reversed and the cause is remanded to that court.

Opinion adopted by Supreme Court May 22, 1935.