## WISE et al. v. SOUTHERN ROCK ISLAND PLOW CO.

### No. 3923.

Court of Civil Appeals of Texas. Amarillo. June 17, 1935.

Chas. H. Dean, of Dimmitt, for plaintiffs in error.

C. D. Russell, of Plainview, for defendant in error.

MARTIN, Justice.

On October 27, 1931, defendant in error obtained a default judgment against plaintiffs in error in the district court of Castro county for the sum of $1,238.55.

Citation in error issued on April 20, 1932, and was served May 6, 1932. Writ of error bond was filed and approved April 18, 1932. Transcript was filed here on June 21, 1932.

An amicus curiæ brief has been filed, suggesting want of jurisdiction in this court for two reasons:

First, that the citation in error is defective in that its date of issuance is not noted thereon, as required by article 2260, R. S. Second, that the transcript was not filed with this court within sixty days from the filing and approval of the writ of error bond.

The facts appear to be against the first contention and the law against the second. There has been some confusion in the authorities with reference to the second question, but the Supreme Court has recently decided the question adversely to the contention noted above. See Tom R. Campbell v. First Nat. Bank of Lubbock et al. (Tex. Com. App.) 82 S.W.(2d) 954, opinion rendered May 22, 1935, not yet published [in State Report].

The original citation commands the defendants to appear before the October term, 1931, of the district court of Castro county, "then and there to answer the plaintiffs' petition filed in a suit in said court on the ———— day of August, 1931." The provision of article 2022, R. S. 1925, requiring citation to show the date when plaintiff's petition was filed, is mandatory, and a citation containing either an omission of such date or its misstatement is fatally defective and will not support a default judgment. Conner v. W. C. Bowman Lbr. Co. (Tex. Civ. App.) 45 S.W.(2d) 237; National Ben Franklin Fire Ins. Co. v. Scott (Tex. Civ. App.) 214 S. W. 604.

Judgment reversed and cause remanded.