H. G. ADAMS AND T. O. BRAY v. FRANK BIDA.

Application No. 21,345. Decided June 26, 1935.
(84 S. W., 2d Series, 693.)

*L. H. Flewellen,* of Ranger, and *Frank Sparks,* of Eastland, for plaintiffs in error.

Where petition for writ of error and supersedeas bond were filed in the trial court on December 30, 1931, and the citation in error, according to the sheriff's return thereon, was served on February 24, 1932, and the transcript filed in the Court of Civil Appeals on February 29, 1932, the Court of Civil Appeals acquired jurisdiction of the cause. J. M. Radford Gro. Co. v. Lawson, 53 S. W. (2d) 843; Moody-Seagraves Ranch v. Brown, 59 S. W. (2d) 431; Spur Ind. Sch. Dist. v. Holt, 74 S. W. (2d) 420.

*Allen D. Dabney* and *Marshall McCullough,* both of Eastland, for defendant in error.

## PER CURIAM.

The transcript of the record was filed in the Court of Civil Appeals on February 29, 1932, 61 days from the date of filing of the bond and petition for writ of error, but within less than 60 days from the service of the writ of error. At that time Art. 1839, as amended by the Acts of 1931, 42nd Legislature, p. 100, ch. 66, was in effect. Under that amendment it was provided that the plaintiff in error should file the transcript with the Court of Civil Appeals within 60 days from the perfection of the writ of error.

1 The Court of Civil Appeals concluded that the writ of error was perfected when the writ of error bond was duly filed, and accordingly dismissed the proceeding for want of jurisdiction. That holding is in conflict with the opinion of this Court in the cases of Borger v. Morrow, 125 Texas, 321, 82 S. W. (2d) 944, and Campbell v. First National Bank in Lubbock, 125 Texas, 303, 82 S. W. (2d) 954, released on May 22nd, 1935, in which cases it was held that under that amendment the writ of error was perfected by the service of citation in error.

2 Art. 1728, R. S., 1925, as amended by the 40th Legislature, p. 214, ch. 144, authorizes this Court to reverse and remand a cause on the application for writ of error without the necessity of granting the writ and hearing same, if the decision of the Court of Civil Appeals is in conflict with a previous opinion of this Court. Casstevens v. Texas & P. Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637, 73 A. L. R., 89. In the instant case the

decision of the Court of Civil Appeals is clearly in conflict with the previous opinions of this Court in the cases cited.

The judgment of the Court of Civil Appeals is therefore reversed and the cause is remanded to that Court for consideration on its merits.

Opinion delivered June 26, 1935.