## LANIER v. KING.

### No. 13784.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 14, 1938.

W. S. Moore, of Gainesville, for plaintiff in error.

Cecil Murphy and W. O. Davis, both of Gainesville, for defendant in error.

SPEER, Justice.

This is a motion to dismiss the appeal, presented by writ of error. The motion alleged the facts to be, and they are supported by the record, that judgment was rendered on February 25, 1937, and the motion for new trial was overruled February 27, 1937; petition for writ of error along with writ of error and supersedeas bond were filed August 25, 1937. No citation in error was issued by the clerk, but on November 3, 1937, counsel for defendant in error executed a waiver of issuance and service of citation; the waiver, however, contained a recitation of the above dates and events, and the additional provisions, "without relinquishing or impairing any rights he may have arising from such inexcusable delay, does hereby waive the issuance and service of citation," bearing the date above shown.

Article 1839, Vernon's Ann.Civ.St., provides that the transcript shall be filed with the clerk of the Court of Civil Appeals within sixty days from the date of final judgment, or within sixty days from the date of the order overruling the motion for new trial, or within that time from the date of service of the writ of error. The transcript in this case was filed in this court on November 24, 1937. By article 2259, R.C.S., it is required that upon filing the petition and bond the clerk shall forthwith issue citation to the opposing party. By article 2267, R.C.S., it is provided that, when the petition and bond have been filed, "and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

Whether or not the appeal was perfected on August 25, when the petition and bond were filed, depends upon a proper construction of article 2267, supra; as above shown, that article provides that the appeal is perfected when the bond is filed, and the

previous requirements of the chapter have been complied with. The latter requirements include the issuance and service of citation; and until this has been done the appeal is not perfected. Borger v. Morrow, Receiver, 125 Tex. 321, 82 S.W.2d 944. The case last quoted from also holds that the citation provided for is for the benefit of the defendant in error, and that he may waive it. Likewise, it is held in the case of National Indemnity Underwriters v. Cherry, Tex.Civ.App., 110 S.W.2d 115, that the citation may be waived and that the waiver is equivalent to the issuance and service of notice.

The principal complaint by defendant in error in this case is that plaintiff in error apparently made no effort to see that the clerk of the district court complied with the statute and "forthwith" issued the notice; that the failure of plaintiff in error to procure the issuance and service of the notice was inexcusable negligence on his part, and because of such laches the appeal should now be dismissed. We are cited to no decision supporting the contention, and we have found none. There is a general rule of law in this state 'to the effect that a presumption exists that officers have done, and will do, their duty. Buttrill v. Occidental Life Ins. Co., Tex.Civ.App., 31 S.W.2d 833; Tex.Jur. vol. 34, p. 462, § 81.

In the case of Western Union Tel. Co. v. White, Tex.Civ.App., 143 S.W. 958, it was held that, where counsel for plaintiff in error instructed the clerk to withhold citation in error until notified by him to issue, and the notice was not issued and served within the time allowed by law to perfect a writ, was not such acts as would deprive the plaintiff in error to be heard on appeal, under the circumstances surrounding that case.

No legal rights of defendant in error have suffered because of the delay in citation, and, under the general principle that no litigant should be deprived of his right of appeal, unless clearly inhibited by some rule or statutory law, we believe the motion to dismiss should be overruled, and it is therefore accordingly so ordered.

Motion to dismiss overruled.