## ATWOOD et al. v. KELLEY et al.

### No. 12688.

Court of Civil Appeals of Texas. Dallas.

April 15, 1939.

Felix Atwood and J. P. Moseley, both of Ennis, for appellants.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for appellees.

BOND, Chief Justice.

On October 10, 1937, Kaufman County Levee Improvement District No. 13, acting upon the relation of E. K. Atwood and E. L. Raphael, instituted this suit against H. M. Kelley, Aetna Life Insurance Company, and Southwestern Life Insurance Company, under and by virtue of the provisions of the law of the State of Texas regulating the institution and prosecution of suits for the collection of delinquent levee improvement district taxes.

The plaintiff district, on June 8, 1925, was duly organized and created by order of the Commissioners' Court of Kaufman County, Texas, as a reservation and reclamation district, under authority of section 59, article 16 of the Constitution of Texas, Vernon's Ann.St.; and, of section 9, chapter 25, General Laws, passed by the 35th Legislature at its 4th called session in 1918, with the authority to exercise such privileges and functions as are conferred by law upon such districts.

On July 3, 1925, the Commissioners' Court duly presented and entered an order of said court, authorizing the district to is-

sue bonds, numbered consecutively from 1 to 62, each in the sum of $1,000, aggregating the sum of $62,000, specifying the amounts of said bonds, the form, and the date of their maturity. On June 10, 1925, the bonds were duly issued, approved by the Attorney General of Texas and registered in the office of the Comptroller of public accounts; and, thereafter sold by the proper officials of the district, vesting in the purchasers a valid, subsisting, and outstanding obligation of the district, and irrevocably pledged all taxable property therein for the payment of the bonds,— principal and interest.

For the purpose of providing a fund with which to pay interest on the aforesaid bonds and create a sinking fund for the payment of the principal at maturity, according to their face and tenor, the Commissioners' Court duly levied and assessed a tax against the owners of all property within the district. H. M. Kelley is alleged to own 195.25 acres of land subject to the tax and Aetna Life Insurance Company and Southwestern Life Insurance Company claim or assert some right, title or interest as lien-holders, or otherwise, therein, and, for the year 1936 there is delinquent thereon taxes in the amount of $1,140.22. Default was made in the payment of the taxes and, by reason thereof, penalty and interest have accrued, become due and payable, and the district, for the use and benefit of the bondholders, has acquired and holds a first, superior, and subsisting lien upon said land to secure the payment of said taxes, penalty, and interest. E. L. Raphael is the owner of all of the outstanding bonds against the district. Plaintiff sought judgment for the amount of the delinquent taxes and foreclosure of the lien, on land belonging to defendants within the district. The petition was presented in court by Honorable Felix Atwood, addressing himself "attorney for plaintiff".

The defendant, Southwestern Life Insurance Company, alone responded to citation: It challenged, by motion and plea in abatement, the right of relators, E. K. Atwood and E. L. Raphael, to institute the suit in name of the levee improvement district and employ the attorney who brought the suit.

On hearing, the trial court sustained the defendant's motion and plea in abatement; accordingly, dismissed plaintiff's suit as to all of the defendants. This appeal is prosecuted from the ruling of the court.

The only question to be determined, as conceded by all parties, is whether or not the repeal of section (i) of article 8017, R. S. 1925 (Acts 38th Legislature, 2nd C.S., H.B. 115, ch. 20, sec. 4, p. 51, General Laws, effective December 1, 1924), by a subsequent act of the legislature (Acts 1937, 45th Legislature, 1st C.S., c. 38, H.B. #60, section 1) deprived E. L. Raphael, holder of the bonds, of the right therein granted to employ counsel to bring suit in the name of the levee improvement district, to enforce collection of the delinquent taxes due by the owners of property within the district, when the board of supervisors fail to commence suit within sixty days after the taxes become due.

Section (i), article 8017, R.S.1925, the statute in effect when the bonds were issued, provided: "Whenever the board of supervisors of any levee improvement district shall fail to commence suits within sixty days after taxes have become delinquent, the holder or holders of any bonds issued by such levee improvement district shall have the right to employ counsel to bring such suit in the name of the levee improvement district upon the relation of such holder or bond holders; and such suits may be proceeded with in the same manner as hereinabove prescribed, and shall in all respects be governed by the provisions of this section."

The 45th Legislature, Acts 1937, supra, Act effective 90 days after June 25, 1937, repealed section (i), article 8017. The question here presented is, does the repealing statute impair the legal obligation of the bonds, granting the holder or holders thereof the privilege to employ counsel to bring suit in the name of the levee improvement district, when the supervisors failed to do so? In other words, is the privilege extended to bondholders by the statute repealed (sec. (i), art. 8017), a substantial right, or method of procedure, inhibited by the Constitution from being impaired by the legislature.

Section 16, article 1, State Constitution, Vernon's Ann.St., provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

Section 19, of article 1, State Constitution, provides: "No citizen of this State shall be deprived of life, liberty, property,

privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

The above statute, section (i), article 8017, supra, and the constitutional provisions was the law respecting the right of E. L. Raphael, holder of the levee improvement district bonds at the time of their issuance. The statute and Constitution were as effective as if written into the bonds. The taxing power of the district insured the payment of the bonds by means of the procedure then afforded bondholders, if and when the supervisors of the district fail in their duty. The supervisors are appointed by the qualified property tax-paying voters of the district (art. 7987) and are amenable to them for the performance of duty. If the supervisors performed their duty under the law, no right existed for the bondholders to exercise the privilege accorded to them. Obviously, the legislature recognized that the law imposing the duty on supervisors to institute suits for delinquent taxes (art. 8016) against their fellows, was inefficient to afford bondholders the prompt collection of delinquent taxes. In the repeal statute, sec. 2, the emergency clause recites: "The fact that many racketeers and bond scalpers have used the existing law [sec. (i), art. 8017] as an instrument of oppression in order to obtain the land of many landowners in this State located in Levee Districts and as a result many citizens of Texas have lost their land and become homeless * * * create an emergency" etc.

The legislative accusation that "many racketeers and bond scalpers have used the existing law" by filing suit when the supervisors have failed to do so, is a challenge that the supervisors generally have failed to do their statutory duty and that the bondholders have been exercising their valuable right in employing counsel of their own selection to enforce collection of delinquent taxes coming to them. It is clear, we think, that the repeal of the statute affording the bondholders the right to institute suit and employ counsel, is an impairment to that extent of the obligation of the bonds and deprives the holders thereof of a substantial right, which the legislature recognized was effective.

Interpreting the various provisions of the Constitution, we are of the opinion, that when a legislative act pertaining to the judicial enforcement of contractual rights reaches the point where its effect is to impair the obligation, it is void. Travelers Ins. Co. et al. v. Marshall et al., 124 Tex. 45, 76 S.W.2d 1007, 96 A.L.R. 802, and authorities there cited. "The legislature has power," says 12 Corpus Juris, p. 825, sec. 286, "to formulate, prescribe, enlarge, modify, and alter remedies, provided, however, that it does not, under the guise of a statute relating to procedure, attempt to deprive any person of a right secured to him by the constitution, as, for example, by an act which impairs the obligation of a contract, or impairs vested rights." In Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025, 1029, 96 A.L.R. 836, Chief Justice Cureton, speaking for the Supreme Court, says: "We are not much concerned with the superfine distinction sometimes drawn in discussing the impairment of the obligation of contracts, between the 'obligation' and the 'remedies' for their enforcement. * * * if the statute be regarded as one which merely operates upon the remedy or remedies for the enforcement of the contract, it is obvious that it abridges the rights of the mortgagee resulting from the stipulations in the agreement in such manner as to make the contract less valuable, and denies him lawful remedies which existed when the instrument was executed without substituting therefor others equally valuable and equally effective."

In the case at bar, it could hardly be said that the repeal of the statute affording the bondholders the right to institute suit, and select their own attorney, to collect the security for the payment of the bonds—delinquent taxes—leave an equally valuable and equally effective remedy, or procedure, imposing such duty on the supervisors of the district or other agencies. If the repealing statute did no more than change the remedy for the enforcement of a vested right, without affecting the rights of the bondholders, no constitutional inhibition would be invaded. But, it is obvious that the repeal of the statute which vested in the bondholders a substantial right does more than merely change the form of the remedy, or procedure. The bondholders, under the terms of the bonds and the laws in force at the time the bonds were issued, in case of default in the payment of any taxes levied by the district against lands situated therein to secure the payment of such bonds, are given the right to file suit and select their own attorney, if and when the supervisors fail to do so;

hence, any law impairing this substantial right and leaving the remedy of foreclosure of the tax lien under which the property of defendants would be sold, to supervisors appointed by the qualified taxpayers of the district, or other agencies, impairs the obligation of the bonds. Dallas County Levee Improvement District No. 6 et al. v. Rugel, Tex.Com.App., 36 S. W.2d 188.

We are of the opinion that the repeal of the statute, under which plaintiff instituted this suit and employed counsel, was an attempt to deprive holders of bonds, issued prior to the repeal, of a right secured to them by the constitution. The repeal of the privilege impaired the obligation relative to the collection of delinquent taxes, and, as to such bondholders, the repeal of section (i), article 8017, supra, is ineffective.

The judgment of the court below is reversed and cause remanded for trial on the merits.

Reversed and remanded.