JARRETT et al. v. ROSS et al.

No. 14158.

Court of Civil Appeals of Texas.
Fort Worth.

April 19, 1940.

Rehearing Denied May 24, 1940.

W. S. Moore, of Gainesville, for plaintiffs in error.

Cecil Murphy, T. J. Vaughan, and Wm. C. Culp, all of Gainesville, for defendants in error.

BROWN, Justice.

Georgia B. Jarrett and a number of others, who are heirs of Turner Jarrett and Nancy Jarrett, deceased, brought suit in the District Court of Cooke County against Ancil H. Ross, J. W. Ross and Frank Morris, Jr., to recover damages, jointly and severally, against said defendants on the theory that they have clouded the title to plaintiffs' lands and caused them great loss occasioned by plaintiffs' being unable to lease their lands and to sell their royalty thereon.

On a verdict, the trial court rendered judgment for plaintiffs against J. W. Ross and for the defendants Ancil H. Ross and Frank Morris.

This cause was tried in May, 1939, during the term of court that began on April 24, 1939, and from time to time the trial judge extended the term of court until by the last order made same was extended until November 25, 1939, for the express and sole purpose of hearing and disposing of motions for new trial and for judgment.

The judgment recites that it was rendered on September 18, 1939.

The plaintiffs filed an amended motion to reform the judgment so as to give them judgment against all three of the defendants and in the alternative for a new trial.

This motion was overruled on November 18, 1939, and exception taken by the plaintiffs.

The defendant J. W. Ross presented his amended motion for a new trial and same was overruled on November 18, 1939, exception taken and notice of appeal given.

On December 30, 1939, J. W. Ross filed his petition for a writ of error in the cause, having made bond at such time, as required by law, and the cause was thus brought before this court for review. It bears No. 14143 on the docket of this court.

On January 22, 1940, the plaintiffs filed a petition for a writ of error and accompanied same by a pauper's oath, in lieu of a bond.

These plaintiffs presented a transcript to the clerk of this court and same was filed on March 30, 1940, and the number given the proceedings is 14158 on the court's docket.

They now present us with a motion to consolidate No. 14158 with said cause No. 14143, and pray that the Statement of Facts brought up in said cause No. 14143

be taken as the Statement of Facts in the last filed cause and that the transcript in cause No. 14143 and the supplemental transcript brought up by movants which, taken together, constitute a complete transcript, be so taken and considered, and, in the alternative, that movants be given the privilege of filing a complete transcript and a complete statement of facts.

If these plaintiffs in error, who were plaintiffs below, had brought their appeal to us in time, we would gladly grant the prayer for consolidation of the causes and would accept the Statement of Facts in the first cause and the Transcript filed therein and the Supplemental Transcript filed here, as the complete record, but we are convinced that plaintiffs in error have not brought their cause to us within time.

The 46th Legislature of Texas passed a statute, made effective January 1, 1940, which provides that no party who participates either in person or by his attorney in the actual trial of a case in the trial court shall be entitled to review by the Court of Civil Appeals through means of a writ of error. Art. 1883a, Vernon's Ann.Civ.St.

■ These plaintiffs below, having had their motion for judgment and, in the alternative, for a new trial overruled on November 18, 1939, and not having perfected an appeal from such order, were, by virtue of the amended statute governing appeals by writs of error, compelled to begin their proceedings for a writ of error before January 1, 1940; and not having done so, their suit as against Ancil H. Ross and Frank Morris Jr. for insufficient relief has not been properly brought before this court and this court is without jurisdiction to hear and try such suit.

It follows that the motion to consolidate the two causes and to entertain the statement of facts filed in cause No. 14143 in the consolidated causes, as well as the transcript in cause No. 14143 and the supplemental transcript in cause No. 14158, must be denied, and it further follows that plaintiffs in error's suit No. 14158 should be and it is hereby dismissed.

### On Motion for Rehearing

PER CURIAM.

■ We construe Article 1883a, Acts of the 46th Legislature (1939), effective January 1, 1940, to mean that the remedy of appeal by writ of error, as applied to the class of litigants named in the Act, ended on January 1, 1940, both as to causes tried before January 1, 1940, in which the right to so appeal in such manner was not attempted before January 1, 1940, as well as those causes tried after December 31, 1939.