## Edith Copus et al v. J. H. Chorn et al.

No. 7812. Decided April 2, 1941.
(150 S. W., 2d Series, 70.)

*R. E. Rodgers,* of Hamlin, for plaintiffs in error.

*Smith & Smith,* of Anson, *Malone, Lipscomb, White & Seay,* of Dallas, for defendants in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This case is before the Court on certified questions from the Court of Civil Appeals at Eastland. It involves the right to appeal by writ of error.

Acts 1939, 46th Leg., p. 59 (Vernon's Annotated Statutes, Art. 2249a) provide as follows:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court

shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

"Sec. 3. It is hereby provided that this Act shall take effect from and after January 1, 1940.

"Sec. 4. The need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error and the near approach of the end of the session creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is suspended and this Act shall take effect from and after its passage, and it is so enacted."

■ The above Act was adopted by both Houses by the necessary two-thirds vote of all present to pass it over the Governor's veto, but in the Senate it failed to receive approval of two-thirds of all of the members elected thereto, and hence it did not carry with it the emergency clause. Constitution, Art. III, sec. 39. The Legislature adjourned on June 21, 1939, and as a consequence the Act became a law ninety days thereafter, or on September 19, 1939. Id.

The above cause was tried and judgment entered in the trial court on September 7, 1939. The plaintiffs in error, who participated in the trial of the case in the trial court, filed their petition for writ of error and bond on December 30, 1939, but service of citation thereon was not completed until February 21, 1940. The material question is: Did the Court of Civil Appeals acquire jurisdiction of the appeal?

Under the holding of this Court in Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680, the Act in question became a law on September 19, 1939. Said Act was sufficient to give notice at that time that from and after January 1, 1940, the right of appeal by writ of error, heretofore existing, would no longer be available to one who had participated in the trial of his case in the lower court. At the time plaintiffs in error became charged with such notice on September 19, 1939, they still had 48 days in which to remove the cause to the Court of Civil Appeals by a straight appeal, or 104 days in which to perfect a writ of error. Since the statute, Article 1839 as amended, allows only 60 days in which to perfect an ordinary

appeal, certainly the 104 days still remaining to plaintiffs in error in which to perfect their appeal by writ of error was a reasonable time. Consequently no substantive right was denied plaintiffs in error by the Act in question. We hold that plaintiffs in error's right to remove the cause to the Court of Civil Appeals by writ of error expired on January 1, 1940.

■ Under the holding of this Court in Borger v. Morrow, 125 Texas 321, 82 S. W. (2d) 944, appeal by writ of error is not perfected until service of citation in error is had. See also Campbell v. First National Bank of Lubbock, 125 Texas 303, 82 S. W. (2d) 954; Adams v. Bida, 125 Texas 458, 84 S. W. (2d) 693; 3 Tex. Jur. 355, 416. Since plaintiffs in error failed to secure service of citation in error before the expiration of January 1, 1940, they failed to perfect their appeal before the Act became effective, and that method of appeal was thereafter no longer available to them. United Employers Casualty Co. v. Skinner, 141 S. W. (2d) 955 (writ refused); United Employers Casualty Co. v. McGee, 143 S. W. (2d) 653 (writ refused); Jarrett v. Ross, 140 S. W. (2d) 483 (writ refused); Blankenship v. Stallings, 141 S. W. (2d) 957 (writ dismissed W. O. J.— correct judgment); Pryor v. Modern Mutual Health & Accident Ins. Co., 143 S. W. (2d) 221.

We hold that the Court of Civil Appeals did not acquire jurisdiction to review the case. The above opinion sufficiently answers the questions certified by the Court of Civil Appeals.

Opinion delivered April 2, 1941.