SOUTHWESTERN LIFE INS. CO. v. KAUF-
MAN COUNTY LEVEE IMP. DIST.
NO. 13 et al.
No. 13028.

Court of Civil Appeals of Texas. Dallas.

May 9, 1941.

Hamilton, Lipscomb, Wood & Swift, of
Dallas, for plaintiff in error.

J. P. Moseley, of Ennis, for defendants in
error.

BOND, Chief Justice.

This is the second appeal of this case.
On the first, Atwood v. Kelley et al., Tex.
Civ.App., 127 S.W.2d 555, the judgment of
the trial court, dismissing plaintiff's suit
for lack of authority of E. K. Atwood and
E. L. Raphael to bring the suit for "Kauf-
man County Levee Improvement District
No. 13," was reversed and cause remanded
for trial on the pleadings. Upon the second
trial, the decision was recognized by the
parties as "the law of the case"; no at-
tempt being made to again challenge the
right of Atwood and Raphael to bring suit
for the District, and that question was not
raised on this appeal, other than by sug-
gestion of plaintiff in error that funda-
mental error is apparent in the record, hing-
ing the contention merely on stages of the
former proceedings.

The suit is brought by "Kaufman County
Levee Improvement District No. 13 of
Kaufman County, Texas," upon the rela-
tion of E. K. Atwood and E. L. Raphael,
against H. M. Kelley, Aetna Life Insur-
ance Company and the Southwestern Life
Insurance Company, to establish the amount
of delinquent taxes for levee improvements
on certain described lands which are owned
by Kelley, and in which the other defend-
ants are claiming or asserting some right,
title or interest, as lienholders, or other-
wise; and for foreclosure of an alleged
legal tax lien against all defendants.

On August 7, 1939, on trial before the
court, judgment was entered in favor of
plaintiff, "Kaufman County Levee Improve-
ment District No. 13, of Kaufman County,
Texas," and against the defendants "H. M.
Kelley, Aetna Life Insurance Company
* * * and the Southwestern Life Insur-
ance Company * * *," for the amount of
taxes due against the properties described
in the petition, but limited execution mere-
ly against the properties, and directed
foreclosure of the tax lien against each of
the said tracts of land separately. The
Southwestern Life Insurance Company
alone gave notice of appeal, and has attempt-
ed to appeal by writ of error.

The record shows that the Southwestern
Life Insurance Company appeared by coun-
sel and participated in the trial of this cause,
and that, on September 1, 1939, it filed in
the court below a petition and bond for
writ of error. The petition was directed
against the Levee District and H. M.
Kelley, defendants in error, and the bond
was made payable to the same named de-
fendants. On November 3, 1939, a cita-
tion was issued, commanding summons on
"W. M. Youngman, C. R. Waldrup, and H.
M. Kelley as supervisors of Kaufman

444

County Levee Improvement District Number Thirteen, and H. M. Kelley individually"; and, on the same day, the sheriff made returns showing that he executed the citation by delivery to "W. M. Youngman, C. A. Waldrup and H. M. Kelley," of a true copy thereof. On this state of the record, plaintiff in error, on January 3, 1940, filed transcript and statement of facts with the clerk of this Court.

On February 17, 1940, because of lack of service of the citation in error on the Levee District and H. M. Kelley, individually, the cause, at suggestion of plaintiff in error, was stricken from the docket of this Court, and leave granted to withdraw the transcript for further use in perfecting the appeal, and to again present the cause after obtaining service on the proper defendants in error. On Feb. 28, 1940, alias citation was issued and served on the defendants; and thereafter, on March 5, 1940, the transcript and statement of facts were again filed in this Court.

We think there is no fundamental error apparent in this record; and, furthermore, this Court is without jurisdiction on the attempted appeal.

 In May, 1939, the Legislature enacted a statute (Vernon's Ann.Civ.St., Art. 2249a), taking away the right of appeal by writ of error of participants in the actual trial of the case in the court below. The Act became a law immediately upon its passage, effective from and after January 1, 1940. Art. 2267, R.C., provides that appeal by writ of error is perfected when the bond has been filed and previous requirements of that chapter of the statute have been complied with. The phrase "previous requirements," as used in this statute, involves issuance and service of citation in error or the waiver thereof. It has long been the rule that until this has been done, the writ of error remains unperfected, and the appellate court does not acquire jurisdiction of the appeal. Borger v. Morrow, 125 Tex. 321, 82 S.W.2d 944; Campbell v. First National Bank in Lubbock, 125 Tex. 303, 82 S.W.2d 954; Adams v. Bida, 125 Tex. 458, 84 S.W.2d 693. As stated above, the petition and bond for this appeal were filed on September 1, 1939, but the citation in error was not filed or served on the defendants in error until after January 1, 1940; therefore, the recent decisions of our Supreme Court make it clear that this attempted appeal by writ of error proceedings was not perfected, and this Court has not acquired jurisdiction over the subject matter. The case has not been removed to this Court so as to confer jurisdiction herein prior to January 1, 1940; United Employers Casualty Co. v. Skinner, Tex.Civ.App., 141 S.W.2d 955, writ denied; Edith Copus et al. v. J. H. Chorn et al., 150 S.W.2d 70, on certified question decided by the Supreme Court April 2, 1941, not yet reported [in State report]; Traders & General Insurance Co. v. J. M. Ried, Tex.Civ.App., 150 S.W. 74, not yet reported [in State reports], opinion by this court April 5, 1941.

This Court not having acquired jurisdiction over this cause, it becomes our duty to dismiss the appeal; it is so ordered.

Appeal dismissed.