## CITY AND COUNTY OF DALLAS LEVEE IMPROVEMENT DIST. et al. v. BAXTER et al.

### No. 10269.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1942.

H. T. Bowyer, of Dallas, Tex., for appellants.

Allen Charlton of Dallas, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

As owners of refunding bonds issued by the City and County of Dallas Levee Improvement District, Appellees sued to recover upon the delinquent interest coupons attached to said bonds, and to force the District to proceed by all lawful means available to collect the delinquent taxes owing to it until the money judgment upon said coupons was paid. The court below granted the relief prayed for, and the District brought this appeal from that portion of the judgment directing it to file suits against the delinquent property owners thereof, and to do all other acts necessary and proper for the collection of the delinquent taxes.

Appellants' contentions are (1) that appellees had an adequate remedy for the enforcement of their judgment without the issuance of an order in the nature of a writ of mandamus, (2) that the order of the court erroneously attempted to control the discretion of the supervisors of the District, (3) that the supervisors were acting within their sound discretion in refusing to file the suits, and (4) that there was no necessity for the order, since another suit that was pending would serve the same purpose as the order under review.

The original bonds were issued by the District in 1928, and were refunded on October 1, 1937, with the proviso that the holders thereof should be subrogated to all rights and remedies of holders of the original bonds. By the provisions of Article 8017(i) of Vernon's Revised Civil Statutes of Texas, which was in force in 1928 but was repealed as of September 25, 1937, a holder of any bond issued by a levee improvement district had the right, in the event the district failed to bring suits within sixty days after taxes became delinquent, to employ counsel to bring suit in the name of the district upon the relation of the bondholder. The claim is that this statute afforded appellees such a remedy as would render unavailable to them the extraordinary relief granted by the judgment below.

The directory order here in question was entered by the court below in the exercise of its jurisdiction to issue writs in the nature of the writ of mandamus.[1] Said Article 8017(i), supra, did not give a common law remedy, but was a state statutory proceeding providing for relief that was less practical and efficient than the relief herein sought. Moreover, this statute was repealed in 1937, and whether such repeal was ineffective as to these appellees due to the constitutional inhibition against impairing contractual obligations has not yet been decided by any court of last resort. The availability of the remedy afforded by the statute therefore is by no means certain, and this court will not decline cognizance of this action because of another one wherein the remedy is doubtful or conjectural.

These appellees not only were not barred from invoking the jurisdiction of the court below, but the pendency of the bondholder's suit in the state court under Article 8017(i) did not render unnecessary the judgment appealed from in this case. As their right to proceed under the repealed statute is doubtful, it would be unfair to restrict appellees to such a remedy when the relief they seek is speedy, certain, and efficient, and they show themselves to be entitled to it.

The judgment appealed from is affirmed.

---

[1] Normandy Beach Development Co. v. United States, 5 Cir., 69 F.2d 105; Rule 81(b) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.