## CITY AND COUNTY OF DALLAS LEVEE IMP. DIST. ex rel. GUYTON et al. v. GRIFFITH et al.

### No. 13374.

Court of Civil Appeals of Texas. Dallas.

Oct. 2, 1942.

Rehearing Denied Nov. 6, 1942.

C. J. Shaeffer, of Dallas, for appellants.

Bowyer, Gray, Thomas & Jaffe, of Dallas, for appellees.

LOONEY, Justice.

The principal facts leading to this controversy are these: In 1928, the City and County of Dallas Levee Improvement District was organized, issued, and sold to the investing public about $6,000,000 of its bonds. These bonds were refunded in 1937, the unpaid interest on the originals remitted, and a lower rate of interest prescribed. Taxes were regularly levied and assessed upon all lands within the District, to service the refunding bonds, but due to the delinquency of taxpayers and failure of the Supervisors to make collection, and their refusal to institute proper suits or take other steps for the collection of delinquent taxes, interest that accrued on the bonds remained unpaid; so, on Sep-

tember 10, 1941, C. K. Baxter, John G. Getz, Jr., and Kenneth M. Keefe, non-residents, representing a total of about $904,000 of the bond issue, instituted a suit in the United States District Court for the Northern District of Texas, at Dallas, against the District and its Board of Supervisors, seeking judgment against the District for the amount of the accrued and unpaid interest, and for mandamus commanding the Board of Supervisors and the District to proceed to collect the past due and unpaid taxes on all property in the District, and to employ all means available under the law for such purpose.

On November 6, 1941, the District and its Supervisors filed an answer; among other things, defended on the ground that plaintiffs were not entitled to an order compelling them to institute suits for the collection of taxes, because, they had an adequate remedy at law, in that, at the time the original bonds were issued on June 1, 1928, there was in effect Article 8017, Section (i) of the Revised Statutes of 1925, providing that: "Whenever the board of supervisors of any levee improvement district shall fail to commence suits within sixty days after taxes have become delinquent, the holder or holders of any bonds issued by such levee improvement district shall have the right to employ counsel to bring such suit in the name of the levee improvement district upon the relation of such holder or bond holders; and such suits may be proceeded with in the same manner as hereinabove prescribed, and shall in all respects be governed by the provisions of this section. * * *"; that, although the above statute was repealed by the 45th Legislature, effective the 25th of September, 1937, nevertheless, the repeal was insufficient to destroy the remedy the plaintiffs had under the original bond and was of no force or effect to destroy or deprive the plaintiffs of their right to institute suit in the name of the District in the court having proper jurisdiction.

In this status of the pleadings in the suit instituted in the Federal Court, J. R. Guyton, who owned ten $1,000 refunding bonds, availing himself of the provisions of Section (i), Art. 8017, set out above, on December 13, 1941, as relator, filed suit in the name of the District as plaintiff, against twelve of the delinquent taxpayers in the District (there being a total of over 1,000); seeking judgment against said delinquent taxpayers, to be applied in so far as neces-

sary, to the satisfaction of the unpaid interest due upon the bonds owned by relator. At the time of the institution of said suit, Guyton and his attorney were fully advised as to the pendency of the bondholders' suit in the Federal Court, and the relief sought therein.

The bondholders' suit was tried on February 2, 1942, and judgment rendered in favor of the plaintiffs therein, granting the relief sought; that is, judgment against the District for the amount of the past due and unpaid interest on the bonds involved; then the decree proceeds: "It is further Ordered that said District, its said Supervisors, and their successors in office, be and they are hereby enjoined and directed to proceed to file suits of the kind permitted by law, and of the form to be selected by the District and its Board of Supervisors, to recover all delinquent taxes owing the District, and to foreclose the lien upon all lands in the District securing delinquent taxes. It is further Ordered, Adjudged and Decreed that the District, its Board of Supervisors, and their successors in office, be and they are hereby enjoined and directed to file such tax suits on or before May 1, 1942, and to thereafter prosecute the same to final judgment, with all reasonable and proper diligence, and to do 'all things reasonable, necessary and proper to collect' taxes presently delinquent."

In obedience to the mandate of the U. S. District Court, the Supervisors of the District instituted suits against all delinquent taxpayers in the District, but, in the meantime, appealed the cause to the U. S. Circuit Court of Appeals, Fifth District, at New Orleans, and on July 9, 1942, the latter Court affirmed the judgment of the District Court in an opinion by Mr. Justice Holmes, 129 F.2d 248, 249, reading in part as follows: "By the provisions of Article 8017(i) of Vernon's Revised Civil Statutes of Texas, which was in force in 1928, but was repealed as of September 25, 1937, a holder of any bond issued by a levee improvement district had the right, in the event the district failed to bring suits within sixty days after taxes became delinquent, to employ counsel to bring suit in the name of the district upon the relation of the bondholder. The claim is that this statute afforded appellees such a remedy as would render unavailable to them the extraordinary relief granted by the judgment below. The directory order here in question was entered by the court below in the

exercise of its jurisdiction to issue writs in the nature of the writ of mandamus. Said Article 8017(i), supra [under which Guyton proceeded], did not give a common law remedy, but was a state statutory proceeding providing for relief that was less practical and efficient than the relief herein sought. Moreover, this statute was repealed in 1937, and whether such repeal was ineffective as to these appellees due to the constitutional inhibition against impairing contractual obligations has not yet been decided by any court of last resort. [The question was decided by this Court in Atwood v. Kelley, Tex.Civ.App., 127 S. W.2d 555, but the case did not reach the Supreme Court.] The availability of the remedy afforded by the statute therefore is by no means certain, and this court will not decline cognizance of this action because of another one wherein the remedy is doubtful or conjectural. These appellees not only were not barred from invoking the jurisdiction of the court below, but the pendency of the bondholder's suit in the state court under Article 8017(i) [referring to the Guyton suit] did not render unnecessary the judgment appealed from in this case. As their right to proceed under the repealed statute is doubtful, it would be unfair to restrict appellees to such a remedy when the relief they seek is speedy, certain, and efficient, and they show themselves to be entitled to it. The judgment appealed from is affirmed."

On May 1, 1940, about ninety days after the U. S. District Court rendered judgment in the bondholders' suit, Guyton, as relator, in the name of the District, instituted the proceedings now under review, alleging in substance that the Supervisors had refused to institute suits for the collection of delinquent taxes; that thereafter, relator employed counsel and instituted suit as relator, in the name of the District, alleging that the Supervisors had filed suits in the District Court of Dallas County against all delinquent taxpayers for the collection of delinquent taxes, including those involved in the suit instituted by him, and that, unless prohibited, the Supervisors would prosecute said suit to judgment; that if permitted to do so, relator would prosecute to completion the cause instituted by him, for the benefit of himself and all other bondholders, but if the District and its Supervisors are permitted to prosecute the suits instituted by them, irreparable injury and damage would be visited upon relator

to the extent of the expenses already incurred and those that will become necessary in the future; and that the District, by the action of its Supervisors, is entailing additional and unnecessary expenses to the detriment of relator and the other bondholders similarly situated; praying that they be enjoined from prosecuting any suit for the collection of delinquent taxes against any of the twelve defendants named in relator's suit, or from compromising, settling or receiving any taxes, or tender of taxes, for the collection of which his suit was brought; etc. This application for injunction, after answer filed by the respondents and hearing had thereon, was denied, from which the appeal under consideration was prosecuted.

Guyton contends, in substance, that he had the right, notwithstanding the repeal of § (i), Art. 8017, Rev.St.1925, to avail himself of the remedy thereby afforded, and not being a party to the bondholders' suit instituted in the U. S. District Court, was not bound by the judgment rendered therein, therefore, was entitled to have the Supervisors enjoined from prosecuting the suit filed in the name of the District against the twelve delinquent taxpayers sued in the proceedings instituted by him, until the termination of such proceedings. On the other hand, appellees contend that the U. S. District Court first acquired jurisdiction of the subject matter constituting the basis of the proceedings instituted by Guyton as relator, and that, as the District was a party to the bondholders' suit in the Federal Court, and bound by the judgment therein, is not entitled on the relation of Guyton to enjoin the execution of the judgment.

If the right of Guyton to avail himself of the remedy afforded by § (i), Art. 8017, notwithstanding its repeal, were the only question involved, we could decide in his favor under the doctrine announced by us in Atwood v. Kelley, Tex.Civ.App., 127 S.W.2d 555, but that question is not decisive of this controversy.

■ We are of opinion that the bondholders' suit in the Federal Court and the proceedings in the District Court on the relation of Guyton, although adopting different routes, sought the same goal, and necessarily involved the same subject matter; that is, the right of bondholders to compel the District to sue and foreclose for the collection of delinquent taxes. The suit in the Federal Court was instituted on September 10, 1941, against the District

and its recalcitrant Supervisors, for an order compelling them to institute suits for the collection of all delinquent taxes due the District; the later suit, instituted by the District on the relation of Guyton, was intended to accomplish the same purpose, but only as against twelve of the over one thousand delinquent taxpayers. The judgment in the bondholders' suit ordered the District and its Supervisors to institute suits for the collection of "all delinquent taxes owing the District and to foreclose the lien upon all lands in the District, * * *"; the suit to be instituted "on or before May 1, 1942." In obedience to the mandate of the U. S. District Court, the Supervisors instituted suits against all delinquent taxpayers of the District and it is the prosecution of these suits that Guyton, in the name of the District, seeks to have enjoined, in so far as taxes are sought to be collected from the twelve landowners made defendants in the proceedings instituted by him. The bondholders' suit, in our opinion, was in the nature of a class suit for the benefit of all bondholders of the District similarly situated, and, in a legal sense, all were parties; the relief granted therein inured to the benefit of all, including Guyton, the same as it inured to the benefit of the plaintiffs in the suit.

The statute invoked by Guyton gave him no authority to become a real party litigant, but simply authorized him to put the District into court as the active, real party plaintiff; the District being the only legal entity authorized to sue delinquent taxpayers. As said by the U. S. Circuit Court in City and County of Dallas Levee Imp. District ex rel. Simond et al. v. Industrial Properties Corporation, 5 Cir., 89 F.2d 731-734, "Simply viewed, the statute plaintiffs invoke authorizes bondholders, by bringing the district into court as plaintiff, to set in motion the machinery which the statute provides for the districts' use for collection by suit. It does not in terms or in effect authorize bondholders to sue at all either generally, or in their own interest or behalf. It merely authorizes them as relators, to put the district in motion as suitor, and to keep it moving as such for the general collection of taxes due generally, and for their garnering and gathering into the treasury and depository of the district. There they must be held by the district not for any particular bondholder or bondholders, but for all of those entitled to them. As to them, if not voluntarily applied as they should be, to the objects for which collected, the district stands subject to suit by mandamus, or other appropriate proceeding, to compel their proper application. The suit, then, though brought on their relation, was not the plaintiffs' suit, either ancillary or original. It was the suit of the district."

We do not think the trial court abused its discretion in refusing to grant the injunction sought, therefore, affirm the judgment below.

Affirmed.