

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 28, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-90

Re: Effective date of House
Bill No. 11, Chapter 289,
Acts 53rd Legislature,
1953.

Dear Mr. Calvert:

You have requested our opinion as to when House
Bill No. 11, 53rd Legislature, becomes effective.

Such bill, enacted as Chapter 289, Acts of the 53rd
Legislature, 1953, contains an emergency clause in Section 6
thereof as follows:

"Sec. 6.   The fact that motor fuel dealers
operating bulk plants and service stations are now
suffering losses caused by evaporation and other
handling losses, and incur expenses in collecting
and accounting for the tax levied by the motor fuel
tax law, creates an emergency and an imperative
public necessity that the Constitutional Rule re-
quiring bills to be read on three several days in
each House, and the Constitutional Rule providing
that bills shall not become effective until the ex-
piration of ninety (90) days after the adjournment
of the Legislature, be suspended, and said Rules
are hereby suspended, and this Act shall take ef-
fect and be in force from and after the first day of
the first month which commences more than sixty
(60) days after its passage, and it is so enacted."

Section 39 of Article 3 of the Constitution of Texas, provides that:

> "No law passed by the Legislature, ex-
> cept the general appropriation act, shall take
> effect or go into force until ninety days after
> the adjournment of the session at which it was
> enacted, unless in case of an emergency, which
> emergency must be expressed in a preamble
> or in the body of the act, the Legislature shall,
> by a vote of two-thirds of all the members
> elected to each House, otherwise direct; said
> vote to be taken by yeas and nays, and entered
> upon the journals."

Such House Bill No. 11 did not receive a two-thirds vote of all members elected to each House of the Legislature. Consequently, under the above quoted constitutional prohibition, the provisions of the emergency clause attempting to fix an effective date prior to the expiration of ninety days after adjournment are of no force or effect. Copus v. Chorn, 136 Tex. 209, 150 S.W.2d 70 (1941).

While the courts have recognized that even when an emergency clause is ineffective because lacking the necessary two-thirds vote, it may be looked to as an aid in determining Legislative intent, as in Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932), it is believed that it should be looked to as an aid only, and only to determine intent where provisions are ambiguous, and not to create or read into the act effective terms or provisions not found elsewhere therein. See Missouri-Kansas-Texas R. Co. of Texas v. Thomason, 280 S.W. 325 (Civ. App. 1926, error ref.), in which the Court said:

> "Emergency clauses on bills . . . are not
> added for the purpose of clarifying or declaring
> the intention of the Legislature, nor to explain
> the express language of the act; but only for the
> purpose of setting forth the reasons for the sus-
> pension of the constitutional rule requiring the

bill to be read on three separate days, and for putting into immediate effect such act, whatever be its scope and terms."

There are no other provisions in House Bill No. 11 providing for any effective date.

In construing the phrase "until ninety days after the adjournment", the Supreme Court in Halbert v. San Saba Springs Land & Live Stock Association, 89 Tex. 231, 34 S.W. 639 (1896), held that "90 full days must expire between the adjournment of the legislature and the taking effect of the law."

Although the Supreme Court has since, in Copus v. Chorn, supra, computed the effective date of an act lacking an emergency clause as being the 90th day after adjournment, such computation was not necessary to the decision reached, and the rule laid down in the Halbert case, supra, was not expressly overruled.

Therefore, it is our opinion that the effective date of House Bill No. 11, enacted as Chapter 289, Acts of the 53rd Legislature, 1953, is August 26, 1953, under the authority of Halbert v. San Saba Springs Land & Live Stock Association, supra.

## SUMMARY

The effective date of House Bill 11, Chapter 289, Acts 53rd Legislature, 1953, relating to motor fuel taxes, is August 26, 1953.

APPROVED:                          Yours very truly,

C. K. Richards                     JOHN BEN SHEPPERD
Reviewer                           Attorney General

John Ben Shepperd
Attorney General

By *John Atchison*
   John Atchison

*Phillip Robinson*
Phillip Robinson

JA:PR:da                                    Assistants