

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 24, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion WW-171.

Re: Whether or not one per
cent (1%) of the total
value of the Permanent
School Fund may be
transferred to the Avail-
able School Fund for the
support of public schools
between August 15 and
August 31, 1957, as di-
rected in Section 1,
House Bill #103, 55th
Legislature.

Dear Mr. Calvert:

You have requested an opinion as to whether you can make the transfer provided for in House Bill No. 103, Acts of the 55th Legislature, Regular Session, 1957, between August 15, and August 31, 1957, as directed in Section 1 of House Bill 103.

House Bill 103 provides as follows:

"Section 1. The State Comptroller of Public Accounts is hereby directed to transfer one per cent (1%) of the total value of the Permanent School Fund to the Available School Fund for the support of public schools. Such transfer shall be made between August 15 and August 31 of the fiscal years ending August 31, 1957, August 31, 1958, and August 31, 1959, respectively, provided that the total amount transferred for the three (3) years shall not exceed the income from annual delay rentals on oil, gas and other mineral leases accruing to the Permanent School Fund from September 1, 1953, to August 31, 1959.

"Sec. 2. The importance of this legislation to the people of the State of Texas, and the crowded conditions of the calendars in both Houses of the Legislature, create an emergency and an imperative public necessity that the Constitutional

Rule requiring bills to be read on three several
days in each House be suspended; and said Rule
is hereby suspended, and this Act shall take ef-
fect and be in force from and after September 1,
1957."

Under the provisions of House Bill 103, the Comptrol-
ler of Public Accounts is directed to make the transfers pro-
vided therein between August 15, and August 31, for the fiscal
years ending on August 31, 1957, August 31, 1958 and August 31,
1959. The emergency clause of the Bill provides that the Act
shall take effect and be in force from and after September 1,
1957.

Section 39 of Article III of the Constitution of Texas
provides:

"No law passed by the Legislature, except the
general appropriation act, shall take effect or go
into force until ninety days after the adjournment
of the session at which it was enacted, unless in
case of an emergency, which emergency must be ex-
pressed in a preamble or in the body of the act,
the Legislature shall, by a vote of two-thirds of
all the members elected to each House, otherwise
direct; said vote to be taken by yeas and nays,
and entered upon the journals."

House Bill 103 did not receive a two-thirds vote of all
Members elected to each House of the Legislature.

In construing emergency clauses of bills, it was stated
in Missouri-Kansas-Texas R. Co. of Texas v. Thomason, 280 S.W.
325 (Civ.App. 1926, error ref.):

"Emergency clauses on bills . . . are not added
for the purpose of clarifying or declaring the in-
tention of the Legislature, nor to explain the ex-
press language of the act; but only for the purpose
of setting forth the reasons for the suspension of
the constitutional rule requiring the bill to be read
on three separate days, and for putting into imme-
diate effect such act, whatever be its scope and terms."

In passing on a similar question, it was stated in
Attorney General's Opinion S-90 (1953):

"Such House Bill No. 11 did not receive a two-
thirds vote of all members elected to each House of

the Legislature. Consequently, under the above quoted constitutional prohibition, the provisions of the emergency clause attempting to fix an effective date prior to the expiration of ninety days after adjournment are of no force or effect. Copus v. Chorn, 136 Tex. 209, 150 S.W. 2d 70 (1941).

"While the courts have recognized that even when an emergency clause is ineffective because lacking the necessary two-thirds vote, it may be looked to as an aid in determining Legislative intent, as in Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932), it is believed that it should be looked to as an aid only, and only to determine intent where provisions are ambiguous, and not to create or read into the act effective terms or provisions not found elsewhere therein. . . ."

Likewise, in Attorney General's Opinion O-5471 (1943), it was held:

"Since Senate action on final passage was not taken by a record vote showing that two-thirds of all members elected to the Senate approved the Act, its emergency clause was of no effect, and it did not go into force until ninety days after adjournment of the Legislature. . . ."

Therefore, since House Bill 103 did not receive a two-thirds vote of all members elected to each House of the Legislature, Section 2 is of no effect and did not create or read into the act effective terms or provisions not found elsewhere. There are no other provisions in House Bill 103 providing for any effective date.

In view of the provisions of Section 39, Article III of the Constitution of Texas, the effective date of House Bill 103 is ninety (90) days after the adjournment of the 55th Legislature (August 22, 1957).

You are therefore advised that you are authorized to make the transfer described in Section 1 of House Bill 103 between August 22nd, and August 31st, 1957.

## SUMMARY

Since House Bill 103 of the 55th Legislature is effective on August 22, 1957, the Comptroller of Public Accounts is authorized to transfer one per cent (1%) of the total value of the Permanent School Fund to the Available School Fund for the support of public schools and to make such transfer between August 22, and August 31, 1957.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
 John Reeves
 Assistant

JR:pf:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
Wm. E. Allen
Byron Fullerton

REVIEWED FOR THE ATTORNEY GENERAL

BY: Geo. P. Blackburn